EARL HEDGES, by Next Friend, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1907.

1. STREET RAILROADS: Negligence: Evidence. The evidence relating to running over a child on a street car track is held sufficient to send the case to the jury in view of the child's age and the distance he ran beside the track.

2. ———: ———: ———: Expert. *Held*, on the facts in the case it was immaterial whether the witness was qualified to testify in what distance the car could have been stopped, since it seems to have been stopped within the distance and it was in reality not a matter of contest between the parties.

3. ———: ———: ———: Instruction. A party may submit his case on the hypothesis of the truth of his opponent's evidence and ask a verdict thereon if the law would justify a verdict on such evidence and the issue was within his pleading.

4. DAMAGES: Personal Injury: Remittitur. A judgment ·for damages after remittitur from the verdict is held not excessive.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas, Ben T. Hardin* and *Ben F. White* for appellant.

(1) The court erred in the admission of the testimony of Drake as an alleged witness on stopping cars: (a) It was a subject for expert testimony. Mammersberg v. Railroad, 62 Mo. App. 566; Rodgers on Expert Testimony, sec. 237; Gourly v. Railroad, 35 Mo. App. 92; Mahr v. Railroad, 64 Mo. 276; Czezewzka v. Railroad, 121 Mo. 212; Culbertson v. Railroad, 140 Mo. 59; Grinnell v. Railroad, 73 Ia. 93; 6 Thompson on Negligence, sec. 7753. (b) The witness was not qualified as an expert motorman. 6 Thompson on Negligence, 7753; Lawson on Expert Evidence, 210; same as cited supra. (c) It was not based on sufficient testimony to enable one to give an opinion. Senn v. Railroad, 108 Mo. 150; Heinzle v. Railroad, 182 Mo. 554. (2) The court erred in giving instruction 1p. Tyler v. Hall, 106 Mo. 313; Bergman v. Railroad, 104 Mo. 77; Railroad v. Railroad, 118 Mo. 599; Palmer v. Telegraph Co., 91 Mo. App. 106; Marr v. Bunker, 92 Mo. App. 651. (3) The court erred in giving instruction numbered 2. (4) The court erred in refusing defendant's instructions numbered 8 and 10 on contributory negligence. Ridenhour v. Railroad, 102 Mo. 286; Ruschenberg v. Railroad, 161 Mo. 86; Spillane v. Railroad, 135 Mo. 426; Butler v. Railroad, 117 Mo. App. 360; Mullin v. Transit Co., 196 Mo. 579; Holmes v. Railroad, 190 Mo. 98; 1 Thompson on Negligence, sec. 443. And if they found it to exist it should have prevented a recovery. Spillane v. Rail-

road, 135 Mo. 427; Payne v. Railroad, 129 Mo. 419; McGrath v. Railroad, 197 Mo. 107-8; Clancey v. Transit Co., 192 Mo. 655; Hogan v. Railroad, 150 Mo. 55; Murphy v. Railroad, 153 Mo. 261; Murray v. Railroad, 101 Mo. 236; 7 Am. and Eng. Ency. of Law, 317. (5) The amount of the verdict shows gross passion and prejudice on the part of the jury, so much so that the trial court himself required a remittitur of more than half of the amount.

*Rush L. Fisette* and *Bird & Pope,* for respondent, filed an argument.

ELLISON, J.—The plaintiff, at the time he was injured by one of defendant's street cars, was a small. deaf and dumb boy, six years old. He brought this action for damages through his next friend, alleging that his injury was the result of the negligence of defendant's servants. He recovered judgment in the trial court for $2,455, but $1,455 was remitted at the suggestion of the trial court and judgment rendered for one thousand dollars.

Evidence in plaintiff's behalf tended to show that he was crossing the tracks of defendant's railway and had stopped on the track with his back to the direction from which the car which struck him approached. That while so standing he was run over by the car. The evidence given by witnesses for the defendant tended to show that he was running along the street for half a block or more in the direction the car was going and not far from the track. That the motorman saw him and rang the bell all the time up to his being struck, in consequence (the motorman said) of suddenly starting across the track. That he did not seem to give any attention to the ringing of the bell.

In view of the child's age and the distance he ran beside the track, in advance of the car, without giving any heed to the bell, seems to make a clear case

for the opinion of the jury on the motorman's negligence in not getting his car under such control as to make sure he would not strike the child, in the event he turned onto the track. In truth there does not seem to be any meritorious defense to the case even though the verdict was based on the evidence for the defendant. Nor do we consider the objections made to the action of the court in admitting evidence, or passing upon instructions as well founded. It is insisted that the witness Drake was not shown to be qualified as an expert so as to be competent to testify to the distance in which a car could have been stopped. We think whether he was or not, became an unimportant matter, since the evidence tended strongly to show the car was actually stopped within the distance stated by him, or even less. In view of the evidence, the distance in which the car could have been stopped, was not, in reality, a matter of contest between the parties.

We do not discover any ground for reasonable criticism on plaintiff's instructions. It is said that they were based on the evidence offered by defendant. There is no reason why one party may not submit his case on the hypothesis of the truth of his opponent's evidence and ask a verdict thereon if the law would justify a verdict on such evidence. A party may submit the hypothesis of the truth of the testimony in his own behalf, or that of his opponent, or partly on that of each, so long as it would fall within the limit of his pleading; and the jury may believe one, or both, or partly the evidence of each. We regard the instructions as without fault. They were certainly liberal to defendant in holding out the idea that the child must have been exercising care and prudence and in warning the jury against his contributory negligence if he was guilty of any.

The court gave five instructions for defendant, and one by modifying it. They covered every proper phase

of the case.   Those refused were properly refused. There can be no possible doubt that the jury understood the issues, nor is it seen how they could have rendered any other verdict than one for the plaintiff.   The evidence in defendant's own behalf, considering plaintiff's age, came dangerously near amounting to a confession of culpability.

The only real question in the case was the amount of damages.   The injuries were not of the most serious character.   It seems that while the entire car passed over plaintiff, by some good providence, he escaped the wheels.   He was bruised, cut and his flesh badly torn, though perhaps no permanent result will follow.   But in view of the action of the trial court in requiring the verdict to be reduced to one thousand dollars, we feel that no complaint should be made.   The judgment is manifestly for the right party and is affirmed.   All concur.