MARY F. MURPHY, Appellant, v. ST. JOSEPH RAILWAY, LIGHT, HEAT & POWER CO., Respondent.

Kansas City Court of Appeals, November 1, 1909.

STREET RAILWAYS: Contributory Negligence: Humanitarian Doctrine. An old woman carrying a basket and wearing a sunbonnet was crossing street railway tracks and was guilty of negligence; but as the motorman saw or should have seen her peril in time to have stopped the car before striking her, the railway company is liable under humanitarian rule.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

REVERSED AND REMANDED.

*Mytton & Parkinson* for appellant.

*R. A. Brown* for respondent.

ELLISON, J.—Plaintiff seeks damages from defendant, a street railway company, in St. Joseph, for personal injuries inflicted by one of its cars. The trial court sustained a demurrer to the evidence given for plaintiff.

The evidence in plaintiff's behalf tended to prove that she was a woman sixty-eight years of age and was returning to her home with some provisions she had purchased from a nearby grocery. She was wearing a sunbonnet and in consequence her vision to either side was greatly obstructed. When she came on the street near the place where she was injured, a car had just passed going south on the west track and stopped on the south side of the street. The car was standing there when plaintiff left the sidewalk to cross the street in which were the defendant's tracks. She did not look for a north-bound car on the east track, but continued towards the tracks. She crossed the west track and had just put her foot on the west rail of the east track when she was struck by the north-bound car. She walked slowly and gave no evidence of knowledge of approaching danger. It is conceded she was guilty of negligence in not looking out for the car and avoiding a collision. But it is claimed that defendant's motorman saw her dangerous position, or should have seen it, in time to have stopped the car, and that therefore she made out a case within the humanitarian rule. We think the claim well made. There is no reasonable ground upon which to distinguish the case from that of Waddell v. Railroad, 213 Mo. 8.

Defendant in argument endeavored to show that plaintiff's action in stopping a moment between the tracks was evidence to the motorman that she would not get into danger. But in point of fact there was

evidence which tended to prove she was then in danger unless the car stopped.    If the testimony in plaintiff's behalf is to be accepted as true, the motorman should have seen her dangerous position and could have stopped the car in time to have avoided striking her.    A case was made for the opinion of a jury and the judgment is reversed and the cause remanded.    All concur.