EDWARD M. EDWARDS et al., Respondents, v. MET-
ROPOLITAN STREET RAILWAY COMPANY,
Appellant.

Kansas City Court of Appeals, April 4, 1910.

1. PRACTICE: Weight or Sufficiency of Evidence. In determin-
ing whether the plaintiff made out a case for the jury the
strength of defendant's evidence is immaterial.

2. ————: Misconduct of Parties. The fact that one of the
plaintiffs shed tears in the presence of the jury did not require
the discharge of the jury.

3. RAILROAD CROSSING: Contributory Negligence. A person
about to cross a railroad track must look and listen for approach-
ing cars.

4. ————: Humanitarian Doctrine. A railroad company owes a
duty not to injure a person crossing its tracks if by the exer-
cise of reasonable diligence it can prevent such injury.

5. ————: ————. The operator of a car passing a school when
the children are about to be released should exercise care pro-
portionate to the probability of danger, and he cannot assume
that a six-year-old child will exercise due care.

6. ————: ————. In this case there was sufficient evidence
to submit to the jury the question of whether the motorman
should have seen that there was danger of a collision with
plaintiffs' son in time to have prevented the death of said
son.

Appeal from Jackson Circuit Court.—*Hon. Wm. P.
Borland,* Special Judge.

AFFIRMED.

*John H. Lucas, Reed, Atwood, Yates, Mastin &
Harvey* and *J. T. Burney & Son* for appellant.

(1) The court erred in refusing appellant's in-
struction in the nature of a demurrer to the evidence.
Rissler v. Transit Co., 113 Mo. App. 120; Trigg v. Tran-
sit Co., 114 S. W. 972; Haley v. Railway, 197 Mo. 15. (2)
There is no presumption of law that a child of the age

of deceased, old enough to attend school, is incapable of contributory negligence. Ridenhour v. Cable Co., 102 Mo. 270; Payne v. Railway, 129 Mo. 405; Spillane v. Railway, 135 Mo. 414.

*Karnes, New & Krauthoff, Frank P. Walsh* and *E. R. Morrison* for respondents.

There was ample evidence to carry the case to the jury: (a) On excessive speed. Schmidt v. Railway, 149 Mo. 269; Cole v. Railway, 121 Mo. App. 605; Stepp v. Railway, 85 Mo. 234; Trigg v. Water Co., 215 Mo. 521; (b) On the last chance doctrine. Cornovski v. Transit Co., 207 Mo. 274; Meeker v. Railway, 178 Mo. 184; Holmes v. Railway, 207 Mo. 163; Livingston v. Railroad, 170 Mo. 471; Heinzle v. Railway, 213 Mo. 111; Winters v. Railway, 99 Mo. 517.

*John H. Lucas, Reed, Atwood, Yates, Mastin & Harvey* and *J. T. Burney & Son,* for appellant, on motion for rehearing.

The court's opinion is in conflict with Krehmeyer v. Transit Co., 220 Mo. 639, and Hough v. St. L. Car Co., 123 S. W. 83.

BROADDUS, P. J.—This action is instituted by plaintiff and wife against the defendant to recover damages for the death of their son, Edward J., which occurred on the 26th day of March, 1906.

The petition charges several acts of negligence as the cause of the son's death, only two of which are in issue at this time.

One consists in a charge against defendant of running its cars at a negligent and dangerous rate of speed. The other that defendant was negligent in failing to exercise ordinary care to avert injury to the deceased after a discovery of his position of peril; or that defendant was negligent in failing to exercise ordinary care to

have discovered his peril in time to have avoided such injury.

The deceased was six years of age at the time he was killed. He was struck and killed by defendant's car going east on Twelfth street between Indiana and Bales avenue. He had been attending the Whittier school on Indiana avenue, but had been dismissed at that hour, it being about four o'clock p. m. The Whittier school building is in the rear of some vacant lots on the north side of Twelfth street. It was shown that children attending said school played on the vacant lots. It was shown by the evidence introduced by the plaintiff that the boy was seen running across the vacant lots in a southeasterly direction; that he ran down the bank and started across the street, at which time defendant's car going east was about one hundred and twenty-five feet distant; that the car at the time was going at about a speed of eighteen or twenty miles an hour; that there was nothing to indicate that the motorman did anything to check the speed of the car before it struck the boy; and that then he threw on the brakes and stopped the car with all possible dispatch. It was also shown that the boy from the time he started across the street continued in a run until he was struck. He had crossed the north track at the time and was hit by the north part of the car while he was on the north rail of the south track. The track was level and there was nothing to obstruct the view of the motorman. It was also shown that the car at the rate of speed in which it was moving could have been stopped in a distance of forty-five or fifty feet; that there was no car on the other track at the time, but that one came up from the east immediately after the boy was struck; and that the car traveled ninety or ninety-five feet after striking him.

The evidence of defendant was in effect, that at the time in question, there was a car passing west on the south track and that it met the east bound car about

in the middle of the block; that the boy was playing with other boys on the vacant lots and that he ran down over the embankment into the street and passed behind the west-bound car and ran against the side of the fender of the east bound car; that the motorman was ringing the bell just before and at the time of the meeting of the two cars; that he threw his air-brakes on just as his car met the other to slow its motion; that the car was not going at a speed to exceed six or eight miles an hour and that it was stopped in about eight feet after striking the boy.

Plaintiffs submitted the case to the jury under the humanitarian theory. The finding and judgment were for plaintiffs from which defendant appealed.

The defendant offered a demurrer to the evidence of plaintiff which the court refused.

The law is that a party about to cross a street railway track must look and listen for approaching cars and is not entitled to recover for injuries due to a collision with a car if he fails to do so, if by so doing he would not have been injured. [Rissler v. Transit Co., 113 Mo. App. 120; Haley v. Ry. Co., 197 Mo. 15.]

Notwithstanding it was the duty of the boy before he attempted to cross the street over which defendant was operating its cars to watch for their approach, a corresponding duty rested upon defendant's operators not to injure him while passing over the track, if by the exercise of reasonable diligence they could have avoided doing so. This is the test of its liability.

The argument of defendant however is based mostly on its own testimony to the exclusion of that of plaintiff. The question for the court to determine must be determined by that of plaintiff alone. Was there sufficient evidence going to show that the boy was in a position of peril, which the motorman saw or by the exercise of reasonable care should have seen in time to have avoided striking him, had he made a reasonable effort to check or stop his car? The car was passing by a

place frequented by school children and at a time of the day when they would usually be discharged from attendance, all which must have been known to defendant's operator in charge of the movement of its car. In approaching and passing the place they should have been on their guard to see if any of the children were on the railroad tracks or were about to place themselves in a position of danger by being run over, as children are more likely to do than persons of mature years and judgment. While a child of six years of age is not to be excused from responsibility for contributory negligence, there may be circumstances, at the same time, that impose upon a street car company more care than the law would impose in cases where persons of mature years are concerned. "Reasonable care" is a relative term and only has reference in its application to the particular circumstances which call for its exercise. There can be no doubt but what defendant's motorman, had he been looking ahead, as he should have done, would have seen the boy running towards the tracks. And as the boy's back was partly toward the car at the time, it was a question for the jury to say whether, under the circumstances, he was placing himself in immediate danger of collision with it. Taking into consideration the fact that he was so young and evidently heedless of danger, the motorman ought to have known of his peril and stopped his car in time to have saved him.

The father of the boy was introduced as a witness who, at the close of his testimony, shed tears but made no audible expression of his grief. Whereupon the defendant's counsel asked the court to discharge the jury on the ground that the conduct of the witness was calculated to arouse the jury's sympathy. The court refused this request. The mere shedding of tears by the father of the dead boy was a very natural consequence under the circumstances and perhaps unavoidable. It was something over which the court had no control.

And it might occur on any number of trials, depending however upon the emotional nature of the individual. It was one of those things that cannot be helped, but must be endured.

The defendant assigns as error the action of the court in refusing many of its instructions. It asked twenty-three in all, eight of which were given as asked and two others modified. We believe defendant got all the law it was entitled to in those given, and there was no error in the modification of the other two. The instructions for the plaintiff were in harmony with our theory of the case. Affirmed. All concur.