LEWIS WAGNER, an infant, by his Guardian, JACOB, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1911.

1. NEGLIGENCE: Injuries to Child. Plaintiff, a child between two and three years of age, started across a street and was struck by an electric street car and injured. The motorman, in the exercise of ordinary care, could have seen the child after he left the curb in time to have stopped the car. No contributory negligence can be attributed to the child in consequence of his age. Held, the demurrer to the evidence was properly overruled.

2. ———: ———: Pleading: Instructions. A general averment in a petition, that the motorman negligently failed to exercise ordinary care to stop the car, will comprehend the element of safety to the passengers and this applies also to instructions.

3. ———: ———: Hypothetical Questions. Where specific objections to hypothetical questions which do not include the one that such questions disregard the duty of the motorman to his passengers and that subject is not referred to in the cross-examination or the examination of other experts, or in any manner suggested that it was involved in the case, the matter cannot be considered on appeal.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback*, Judge.

AFFIRMED.

*John H. Lucas* and *Piatt & Marks* for appellant.

(1) There is no evidence that the car could have been stopped with due regard to the safety of the passengers after plaintiff entered the danger zone and defendant's demurrers to the evidence should have been sustained. Gabriel v. Railroad, 130 Mo. App. 1. c. 656; McKenna v. Railroad, 54 Mo. App. 161; White v. Railroad, 202 Mo. 1. c. 555; Cytron v. Transit Co., 205 Mo. 1. c. 716; Bunyan v. Railroad, 127 Mo. 1. c. 18; Williams v. Railroad, 114 Mo. App. 1. c. 8. (a) The court erred in submitting improper and illegal hypothetical questions to alleged experts as to the distance in which the car should have been stopped, due regard not being had to the safety of the passengers. McKenna v. Railroad, 54 Mo. App. 161; White v. Railroad, 202 Mo. 1. c. 555; Cytron v. Transit Co., 205 Mo. 1. c. 716; Bunyan v. Railroad, 127 Mo. 1. c. 18. (b) In permitting said experts to testify as to what the usual speed of a car would be at the place of the accident. Williams v. Railroad, 114 Mo. App. 1. c. 8. (2) It was error for the court, over defendant's objection, to permit counsel for plaintiff to misstate and misquote the evidence in his examination of the witness. Stetzler v. Railroad, 210 Mo. 704; Rose v. Kansas City, 125 Mo. App. 231; Neff v. Cameron, 213 Mo. 1. c. 369; Haynes v. Trenton, 108 Mo. 1. c. 133; Tuck v. Traction Co., 140 Mo. App. 355; Torreyson v. Railroad, 129 S. W. 409; Epstein v. Railroad, 197 Mo. 1. c. 738. A five thousand dollar verdict for the three-year-old child was excessive.

*Gage, Ladd & Small* for respondent.

(1) There was no error in giving plaintiff's instructions Nos. 1 and 2, as they correctly declared the law. Murphy v. Railroad, 138 Mo. App. 436; Mc-Namara v. Railroad, 133 Mo. App. 645; Childress v. Railroad, 141 Mo. App. 667; Cole v. Railroad, 121 Mo.

App. 605; Edwards v. Railroad, 143 Mo. App. 371. (2) The fact that the feature of the safety of passengers was not specifically referred to in the evidence as to the distance within which the car could have been stopped, did not justify a demurrer to the evidence. The idea of safety to passengers was necessarily embraced in the questions and answers upon that subject. (3) The defendant cannot now, for the first time, claim that there was a failure of proof. He should have in some manner distinctly called the attention of the trial court to the point. (4) Even if the evidence introduced and the instructions asked by the plaintiff upon the question of ordinary care in bringing the car to a stop, did not specifically embrace the question of passengers' safety, the appellant cannot complain, because the evidence introduced and the instructions asked by it upon the same subject also omitted all reference to the question of the safety of passengers. Englehart-Davidson Co. v. Burrell, 66 Mo. App. 117; Fenwick v. Bowling, 50 Mo. App. 516; Shinnabarger v. Shelton, 41 Mo. App. 147; Spengler v. Kaufman, 43 Mo. App. 5. (5) The objection that the hypothetical questions to the experts, as to the time within which a car could be stopped, did not include the feature of the safety of passengers, cannot be heard in this court, because it was not made below. Orr v. Bradley, 126 Mo. App. 146; O'Neill v. Kansas City, 178 Mo. 91; Kinlen v. Railroad, 216 Mo. 145. (6) The evidence that the accident occurred in a populous neighborhood was properly admitted. (7) If the instructions for the plaintiff were faulty in not referring to the safety of passengers, as a matter to be considered in stopping a car, the defendant should have asked an instruction concerning the point. Brown v. Printing Co., 213 Mo. 611; Althoff v. Transit Co., 204 Mo. 166; Peck v. Traction Co., 131 Mo. App. 134; Long v. Nute, 123 Mo. App. 204. (8) Instruction No. 2 was not a comment on the evidence. Blacknell v.

Hill, 76 Mo. App. 46; Feddeck v. St. Louis Car Co., 125 Mo. App. 24.

JOHNSON, J.—Defendant operates a double track electric street railway in Kansas City, Missouri, and on the 14th of March, 1908, one of its cars ran against plaintiff, knocked him down and ran over his arm, injuring it so that it was necessary to amputate it two or three inches below the elbow.  He charged defendant with negligence and brought this action for damages.  He recovered judgment in the trial court.

Plaintiff was a child between two and three years of age and in consequence no contributory negligence is to be attributed to him; and the sole inquiry, in respect to negligence, is whether defendant's motorman saw him in time to have stopped the car, or, if he did not see him in time, whether in the exercise of ordinary care, he could have seen him.  The child left the curbing and entered upon the street in the direction of the railway tracks, crossed one of them and came into collision with the car on the other.  There was much evidence as to the distance of the car from the child when the motorman saw him, or could have seen him, when he left the curb and started into the street.  There was evidence in defendant's behalf that he was seen to leave the curb when the car was between forty and fifty feet away, and there was evidence in plaintiff's behalf fixing the distance at more than double that, and from inferences and the tacking together of bits of applicable testimony, plaintiff makes a fair showing from defendant's own evidence, that the boy could have been seen near eighty feet away from the car.  Much evidence was heard as to distances and as to the time in which a car could be stopped when running, as this one was, at eight or ten miles per hour.

Plaintiff, as stated, being a child not three years old, will be considered as presenting such an appearance to the motorman, in the way of total lack of judgment, discretion and knowledge of danger, as to be a warning to the motorman to put his car under immediate control. [Simon v. Railway, 231 Mo. 65, 132 S. W. Rep. 250.] In this court a little boy as old again as this child (according to the defendant's evidence), was racing with the car for some distance and was about even with the front when he suddenly turned and attempted to run across the track in front and was run over, and we held it a question for the jury whether the motorman should not have put the car under immediate control when he saw the boy was running by the side at the front end. [Hedges v. Railway, 125 Mo. App. 583.]

From this, the important inquiry is whether, in view of the speed of the car, there was evidence tending to show that the motorman, in the exercise of ordinary care, could have seen plaintiff after he left the curb, in time to have stopped the car. We have examined it and find it abundantly supports the position that it could have been stopped. The demurrer was therefore properly overruled. [Kinlen v. Railway, 216 Mo. 145; Waddell v. Railway Co., 213 Mo. 8; Childress v. Railroad, 141 Mo. App. 667; Edwards v. Railway Co., 143 Mo. App. 371; Murphy v. Railway, 138 Mo. App. 436.]

Counsel for defendant argue with earnestness and ability than the court committed prejudicial error in allowing plaintiff to ask expert witnesses hypothetical questions relative to the distance in which the motorman could have stopped the car after he discovered, or should have discovered, the peril of the child, which omitted any reference to the duty the motorman owed his passengers not to operate the car in a way to injure them. The same objection is urged against the instructions given at the request of plaintiff which

contain no special reference to the duty of the motor-
man towards his passengers but do include in the
hypothesis on which a verdict for plaintiff is directed
the declaration that the jury must believe from the
evidence that the motorman had time, after he saw,
or should have seen the child in danger to have averted
the injury by the exercise of ordinary care.

There is a line of decisions in this State which
enunciate the rule that the duty of an engineer of a
railway locomotive, or of a motorman of a street car,
towards a person in a dangerous position on or near
the track in front of the moving engine or car, whether
such duty be one imposed by rules of general negli-
gence law or by the rules of what is known as the
humanitarian doctrine, is subordinate to the duty the
engineer, or the motorman, owes his passengers to
carry them without injury. Consequently in every ac-
tion for personal injuries sustained in a collision be-
tween the plaintiff and a train or car engaged in the
transportation of passengers where the cause pleaded
is negligence of the operator in failing to stop after
he discovered or should have discovered the perilous
situation of plaintiff, the question of whether or not
a saving stop could have been made without injury to
the passengers on the train or car is a substantial
element of the cause and the burden always is on the
plaintiff to prove that a stop of that character would
have averted the injury. But, though substantial, it
is not essential that the fact should be specially alleged
in the petition. The general averment that the mo-
torman negligently failed to exercise ordinary care to
stop the car would comprehend the element in ques-
tion, since the term could mean nothing else than such
care as an ordinarily careful and prudent man in the
situation of the motorman would have exercised to-
wards the plaintiff whilst observing due care for the
safety of his passengers. And in the instructions to
the jury the term *ordinary care* used with reference

to the conduct of the motorman should be given the same interpretation and should be considered as restricting the cause to its proper limits. Should the defendant think the term too general in its meaning, he would be entitled to a more definitive instruction, but certainly he would not be heard to object to what, at most, would be but mere non-direction in the instructions given at the request of plaintiff. We, therefore, hold that the instructions were not erroneous in the respect under consideration.

Of even less merit is the objection now urged (we might say for the first time) against the hypothetical questions asked of expert witnesses. It is true that none of these questions specifically mentioned the element of the safety of the passengers. All of them were objected to by counsel for defendant and the court required counsel to make his objections specific. In no instance did counsel object on the ground that the question disregarded the duty of the motorman to his passengers. That subject was not referred to in the cross-examination and in the examination of its own expert witnesses defendant did not once suggest that the question of the safety of passengers was involved in the case. On the contrary the cause was tried throughout by both parties on the theory that the question under consideration was not a practical issue and when we come to analyze the evidence we find it was not a practical but only a theoretical issue. It was the contention of defendant, well exemplified in the testimony of the motorman, that every means for stopping the car was employed to the uttermost immediately on the presentation of the child's peril, but that all such means were unavailing on account of the nearness of the car to the child at the time its peril was discoverable. Thus it is insisted that the motorman, in using the instrumentalities at his command, could and did use them to the full measure of their potency without fear of injuring his passen-

gers. The trial of a lawsuit should be conducted with reference to the solution of practical issues alone, and should not be confused with mere academic questions. Pertinent to what we have just been saying is the following quotation from Krehmeyer v. Transit Co., 220 Mo. l. c. 696:

"The motorman's first duty, of course, was to his passengers, and if there had been any evidence tending to show that a quicker stop could have been made but for hazard to the passengers, or any circumstances to indicate to the trial court that the motorman was slower in stopping because of his guardianship over his passengers than he otherwise would have been, the trial court would have put that question in the instruction, but there was nothing in the case to suggest such a question. The motorman testified that he did stop as quickly as he could, using the brake, the reverse and sand, the other witnesses testified that he did not try to stop at all. The only mention of passengers by the motorman was when he was asked how many he had, he answered that there were 'quite a few,' whatever that may mean. The court committed no error in omitting that question from the instruction."

We have fully answered the objection under consideration but shall add that by not objecting to the questions on the ground on which defendant now would stand, and preserving its exceptions, defendant waived its right to complain of the questions. Whether or not an error in the admission of evidence relates to a substantive element of the cause, the right to complain of it in the appellate court cannot exist, if the party against whom it was committed failed to object to the evidence when offered and to except to the adverse ruling of the court on his objection. The objections of defendant were specific. They did not mention the ground now urged and such ground not

being made a matter of exception cannot now be considered.

We think defendant's objections to the court's permitting plaintiff to show the character of the street for travel and that large numbers of children attended school nearby, are not well taken. Such evidence tended to show the necessity for the motorman's watchfulness, and to give the jury light in determining whether he was exercising ordinary care in the circumstances.

The objection that instructions were argumentative and singled out particular phases of the evidence are not borne out by a fair construction of the language in which they are clothed.

Nor do we think the verdict of five thousand dollars excessive. The loss to the child of an arm for a life time cannot be measured in money but applying to it the tests known to the law it is not too much. The case has been well and forcibly presented by defendant, yet it has not satisfied us that we should disturb the judgment, and it is accordingly affirmed. All concur.