HUGGART v. MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

Division Two, June 16, 1896.

Railroad: CROSSING: CONTRIBUTORY NEGLIGENCE: DEMURRER. A demurrer should have been sustained to the evidence in an action against a railroad company for the death of plaintiff's husband, where it appeared that he approached a crossing on a country road over defendant's track, and when at a distance of thirty or forty feet from the crossing, where he was free from all danger of collision with trains on the track, he could see along it a distance of six hundred or one thousand feet toward the west from which direction a train was approaching in plain view, and that he either did not look at it, or, seeing it, heedlessly attempted to cross in front of it and was killed.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED.

*Elijah Robinson* and *L. B. Ewing* for appellant.

· The demurrer to the evidence should have been sustained. Plaintiff's own evidence showed clearly that the deceased was guilty of contributory negligence. The case was, therefore, not entitled to be submitted to the jury. On approaching the crossing the deceased was bound to exercise ordinary care—to both look and listen for approaching trains. If there were difficulties

in the way of either sight or hearing, he was thereby bound to exercise a higher degree of caution, and if, by reason of the rattling of his wagon, his hearing was rendered difficult, he should have stopped and listened. A railroad crossing is itself a warning of danger. *Tabor v. Railroad*, 46 Mo. 353; *Fletcher v. Railroad*, 64 Mo. 484; *Harlan v. Railroad*, 64 Mo. 480; *Henze v. Railroad*, 71 Mo. 476; *Pearl v. Railroad*, 72 Mo. 168; *Turner v. Railroad*, 74 Mo. 602; *Kelly v. Railroad*, 75 Mo. 138; *Lenix v. Railroad*, 76 Mo. 86; *Hixon v. Railroad*, 80 Mo. 340; *Stepp v. Railroad*, 85 Mo. 229; *Kelly v. Railroad*, 88 Mo. 534; *Butts v. Railroad*, 98 Mo. 272; *Hanlon v. Railroad*, 104 Mo. 381; *Dlauhi v. Railroad*, 105 Mo. 645; *Boyd v. Railroad*, 105 Mo. 371; *Weller v. Railroad*, 120 Mo. 636; *Baker v. Railroad*, 122 Mo. 572; *Hayden v. Railroad*, 124 Mo. 566; *Kelly v. Railroad*, 18 Mo. App. 151; *Hickman v. Railroad*, 47 Mo. App. 74; *Drake v. Railroad*, 51 Mo. App. 566; *Masterson v. Railroad*, 58 Mo. App. 572; *Caldwell v. Railroad*, 58 Mo. App. 453; *McCall v. Railroad*, 54 N. Y. 642; *Rodrian v. Railroad*, 125 N. Y. 526; *Chase v. Railroad*, 78 Maine, 346; *Allen v. Railroad*, 19 Atl. Rep. 105; *Hayes v. Railroad*, 47 Mich. 401; *Mahlen v. Railroad*, 49 Mich. 585; *Mynning v. Railroad*, 64 Mich. 93; *Gardner v. Railroad*, 56 N. W. Rep. 603; *Kwiotlkowski v. Railroad*, 70 Mich. 551; *Ferguson v. Railroad*, 63 Wis. 145; *Seefeld v. Railroad*, 70 Wis. 216; *Mantel v. Railroad*, 33 Minn. 62; *Clark v. Railroad*, 50 N. W. Rep. 365; *Schmolze v. Railroad*, 53 N. W. Rep. 743; *Railroad v. Stommel*, 25 N. E. Rep. 863; *McCrary v. Railroad*, 31 Fed. Rep. 531; *Tucker v. Duncan*, 9 Fed. Rep. 867; *Myers v. Railroad*, 24 Atl. Rep. 747; *Smedis v. Railroad*, 88 N. Y. 13; *Harris v. Railroad*, 41 Iowa, 227; *Benton v. Railroad*, 42 Iowa, 192; *Schaefert v. Railroad*, 62 Iowa, 624; *Railroad v. Holmes*, 3 Wash. 202; *Fleming v. Railroad*, 49 Cal.

253; *Merkle v. Railroad*, 49 N. J. L. 473; *Railroad v. Hague*, 60 Am. and Eng. R. R. Cases, 617; *Horn v. Railroad*, 55 Am. and Eng. R. R. Cases, 153; *Railroad v. Fisher*, 55 Am. and Eng. R. R. Cases, 223; *Railroad v. Webb*, 49 Am. and Eng. R. R. Cases, 440; *Schofield v. Railroad*, 114 U. S. 615; *Railroad v. Ryan*, 28 Pac. Rep. 79; *Thomas v. Railroad*, 86 Mich. 496; *Wewerowski v. Railroad*, 124 N. Y. 420; *Mann v. Railroad*, 128 Ind. 138; *Marks v. Railroad*, 49 Am. and Eng. R. R. Cases, 418; *Railroad v. Peebles*, 67 Fed. Rep. 591; Beach on Con. Neg. [2 Ed.], page 180. Plaintiff's own evidence shows conclusively that if deceased had either looked or listened he would have discovered the train in time to have avoided the accident. Where, upon the whole evidence, there can be but one fair and reasonable conclusion, the court should so declare as a matter of law. The evidence in this case points to but one conclusion—the want of such a degree of care on the part of deceased as would entitle plaintiff to recover—and the court should have so instructed the jury. *Hayden v. Railroad*, 124 Mo. 567; *Kelsay v. Railroad*, 129 Mo. 362; *Lane v. Railroad*, 132 Mo. 4.

*Flournoy & Flournoy* and *Cunningham & Dryden* for respondent.

(1) There is no error in plaintiff's instructions numbers 1 and 2. When they are read in connection with number 3, every possibility of the misconstruction appellant seeks to put upon them is removed. *Easley v. Railroad*, 113 Mo. 236; *Lane v. Railroad*, 132 Mo. 4. (2) The question of contributory negligence on the part of deceased Huggart was one under the facts and circumstances of this case for the jury, and no error was therefore committed by the lower court in overruling defendant's demurrer to the evidence. *Kennayde*

*v. Railroad*, 45 Mo. 255; *Tabor v. Railroad*, 46 Mo. 355; *Langan v. Railroad*, 72 Mo. 392; *Johnson v. Railroad*, 77 Mo. 546; *Stepp v. Railroad*, 85 Mo. 229; *Petty v. Railroad*, 88 Mo. 306; *O'Connor v. Railroad*, 94 Mo. 150; *King v. Railroad*, 98 Mo. 235; *Kelley v. Railroad*, 101 Mo. 67; *Kenney v. Railroad*, 105 Mo. 270; *Jennings v. Railroad*, 112 Mo. 268; *Weller v. Railroad*, 120 Mo. 635; *Baker v. Railroad*, 122 Mo. 572; *Kelsay v. Railroad*, 30 S. W. Rep. 339; *Richey v. Railroad*, 7 Mo. App. 150; *Moberly v. Railroad*, 17 Mo. App. 518, affirmed, 98 Mo. 183; *Hickman v. Railroad*, 47 Mo. App. 74; *McNown v. Railroad*, 55 Mo. App. 585; *Masterson v. Railroad*, 58 Mo. App. 572; *Railroad v. Ives*, 144 U. S. 409; *Railroad v. Petterson*, 55 Fed. Rep. 940; *Railroad v. Austin*, 64 Fed. Rep. 211; *Lynch v. Railroad*, 69 Fed. Rep. 86; *French v. Railroad*, 116 Mass. 537; *Robbins v. Railroad*, 161 Mass. 145; *Hubbard v. Railroad*, 162 Mass. 133; *Hicks v. Railroad*, 41 N. E. Rep. (Mass.) 721; *Cohen v. Railroad*, 14 Nev. 376; *Hendrickson v. Railroad*, 49 Minn. 248; *Struck v. Railroad*, 59 N. W. Rep. (Minn.) 1022; *Railroad v. Marohn*, 6 Ind. App. 646; *Railroad v. Kelly*, 6 Ind. App. 545; *Railroad v. VanSteinburgh*, 17 Mich. 99; *Richmond v. Railroad*, 87 Mich. 374; *Thayer v. Railroad*, 93 Mich. 150; *Piper v. Railroad*, 77 Wis. 247; *State v. Railroad*, 52 N. H. 528; *Cahill v. Railroad*, 92 Ky. 345; *Strong v. Railroad*, 61 Cal. 326; *Railroad v. Anderson*, 76 Tex. 244; *Railroad v. Greenlee*, 70 Tex. 553; *Davidson v. Railroad*, 33 Atl. Rep. (Pa. Sup.) 86; 1 Shearman & Redfield on Negligence [4 Ed.], par. 89, 92, 108, 109, 114, vol. 2, 476, 477; Beach on Contributory Negligence [2 Ed.], par. 36, 40, 188, 189. The following propositions are, we believe, well established under the rulings in this state, too well established to require the citation of authorities. *First.* Negligence must be proved. Nothing appearing to the contrary, the pre-

sumption always is that one acts with due care.  *Second*.  Contributory negligence is a matter of defense and the burden is upon defendant to prove it.  He is to prove it from all the facts and circumstances in the case, and while the burden rests upon him, yet if from plaintiff's own testimony it conclusively appears that the party injured was guilty of contributory negligence, a demurrer is properly sustained.  *Third*.  While the facts are undisputed and may tend very strongly to show contributory negligence, yet if they are such that any other inference than that of contributory negligence can be drawn from them, the question is not for the court but for the jury to determine whether, under all the facts and circumstances, plaintiff was guilty of contributory negligence.

GANTT, P.  J.—On the thirtieth day of October, 1893, plaintiff's husband, Porter S. Huggart, was struck and killed by an engine on defendant's railway at a public crossing about five miles south of the city of Independence.

From Independence to the place of the accident the public county road and the railroad run in the same general direction, at times approaching within a half mile of each other but cross each other at right angles at the crossing on which plaintiff's husband was killed.  The county road leads over a high rocky hill just before crossing the railroad, but immediately on the crossing they are both at about the same grade.

On the west side of the crossing the railroad passes through a cut so that a person approaching the crossing on the county road could not see a train on the railroad to the west until he should get to a point about thirty-five or forty feet from the railroad track.  From this point (thirty-five or forty feet from the track) a traveler could see up the railroad to the west a distance

from six hundred to one thousand feet as variously established by the different witnesses, and the nearer he approached the track the farther he could see. About twenty feet from the track on the side of the county road there was a large sign, upon a post, containing the words "Railroad Crossing, Look out for the Cars."

The county road contained a cut through the right of way so that the view of a traveler was cut off on the west until he reached a point from thirty to thirty-five or forty feet of the railroad track.

On the thirtieth day of October, 1893, Porter Huggart borrowed a team and started from Independence to get a load of wood. He was not seen until he emerged from the cut in the county road at a point thirty to forty feet from the track moving on south to the crossing. No person witnessed the accident except the engineer, the fireman, and one brakeman. According to their evidence Mr. Huggart did not stop after coming into view or look for a train until his horses were on the crossing. He then looked in the direction of the train and began whipping his horses' with his lines. His team and the front wheels of the wagon passed over the track safely and a freight train on defendant's railroad, moving from the west, struck the hind wheels and threw him from the wagon and killed him.

There is, as usual, much conflict in the evidence as to whether the whistle was sounded or the bell rung as required by the statute. Two witnesses on the part of the plaintiff testified that they were in a barn about one hundred and seventy-five yards from the place of the accident doctoring a sick horse and that they did not hear any bell rung or whistle blown for crossing. Indeed the burden of the testimony tended, we think, quite strongly to prove the bell was not rung at a distance of eighty rods from the crossing and was not

kept ringing until the train crossed the road.   As to the whistle, it appears to have been sounded at or near the whistling post but not at intervals as required by the statute until within six hundred feet of the crossing when the alarm whistles were sounded according to plaintiff's evidence.   The engineer testified that he reversed his engine and applied the brakes and did all he could to prevent injury to plaintiff's husband, after discovering him.

The verdict was for plaintiff for $5,000 and defendant appeals.

I.   The substantial point in this record is the propriety of refusing the demurrer to the evidence.   Conceding that the defendant failed to have its bell rung and its whistle sounded as required by the statute; did not the plaintiff's evidence and the whole evidence in the case demonstrate that plaintiff's husband's own negligence was the immediate contributing cause of his death?   As he approached the crossing he was warned by the sign that he was about to cross a railroad and was warned to look out for the cars.

It is an uncontradicted and conceded fact that when he reached a point from thirty to forty feet from the track, a point where he was free from all danger of collision with trains upon the road, he could have seen up the track to the west a distance of six hundred and possibly a thousand feet.   As a physical fact that train was then in sight.   One of two conclusions is inevitable.   He either did not look and heedlessly rode upon the track and was killed, or he looked and saw the approaching train and attempted to cross ahead of it.   In either case he was guilty of such contributory negligence as bars a recovery by his widow.

Porter Huggart is dead.   We have no explanation of his conduct in attempting to cross the track in the face of a rapidly approaching train, but in view of the

physical impossibility of his failing to see the train had he looked to the west as it was his clear duty to have done, while yet out of danger, the law denominates his conduct in going upon the track and attempting to cross as contributory negligence. There can be no presumption of ordinary care in the face of such facts to the contrary and without explanation. *Hayden v. Railroad*, 124 Mo. 566; *Kelsay v. Railroad*, 129 Mo. 362; *Lane v. Railroad*, 132 Mo. 4.

The learned counsel for plaintiff, while conceding the force of these cases as precedents, yet attempts to draw a distinction between those cases and the one at bar because he thinks plaintiff's husband was not in a place of safety when thirty to thirty-five feet from the track when he first saw the train; that he could not stop his team; that he was a stranger and driving a borrowed team. Neither of these circumstances, nor all of them combined, change the complexion of the deceased's conduct. There is not a particle of evidence that the team was unmanageable or that the deceased was ignorant of their characteristics.

The fact that he had never crossed at this point prior to this occasion instead of lessening his care should have incited him to greater vigilance. That a man of mature years, in possession of his mental and physical faculties, driving a team to an ordinary farm wagon, up grade, at an ordinary gait, and seeing a train approaching while yet thirty or forty feet from a railroad crossing could not safely stop without going upon the track, is contrary to reason and common experience.

In our opinion the facts bring the case clearly within the rule announced in *Hayden v. Railroad, supra*, and the court should have sustained the demurrer to the evidence. The judgment is reversed. SHERWOOD and BURGESS, JJ., concur.