TABITHA ROSS, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 3, 1907.**

1. **STREET RAILWAYS: Crossing Track: Meeting Cars: Traveler's Care.** When a car is in the way of a view of the track in the direction from which another car is liable to come, the traveller crossing must, in common prudence, wait until the obstructing car has passed on so that she may look to some purpose.

2. ———: ———: ———: ———: **Evidence.** The evidence relating to plaintiff's action in passing behind an eastbound car on a south track and being struck as she stepped on a north track by a westbound car is reviewed and held to show fatal negligence on her part.

Appeal from Jackson Circuit Court.—*Hon. William B. B. Teasdale,* Judge.

REVERSED.

*John H. Lucas, Charles A. Loomis* and *Ben F. White* for appellant.

The court erred in overruling defendant's demurrer to the plaintiff's testimony, and again in overruling the demurrer to all of the testimony. Plaintiff utterly failed to show that her injuries were the result of any negligence on the part of defendant, to which she did not contribute, and if she did contribute to them she cannot recover. Kirtley v. Railroad, 65 Fed. 391; Guy-

er v. Railroad, 174 Mo. 344; Van Bach v. Railroad, 171 Mo. 338; Tanner v. Railroad, 161 Mo. 497; Holwerson v. Railroad, 157 Mo. 216; Sims v. Railroad, 116 Mo. App. 572; Boyd v. Railway, 105 Mo. 380; Watson v. Railway, 133 Mo. 250; Payne v. Railway, 136 Mo. 585; Ries v. Transit Co., 179 Mo. 1; Moore v. Railway, 176 Mo. 574; Zumalt v. Railway, 178 Mo. 615; Maxey v. Railway, 113 Mo. 11; Kries v. Railway, 148 Mo. 321; Petty v. Railway, 179 Mo. 675; Davis v. Railway, 159 Mo. 1; McFadin v. Catron, 120 Mo. 252; Hornstein v. Railway, 195 Mo. 440; Weller v. Railroad, 164 Mo. 198; Dlauhi v. Railroad, 139 Mo. 291; Kelsay v. Railroad, 129 Mo. 362; Childs v. Bank, 17 Mo. 214; Easley v. Railroad, 113 Mo. 236; Culbertson v. Railroad, 140 Mo. 35; Pinney v. Railroad, 71 Mo. App. 577; Lieu v. Railroad, 79 Mo. 475; Weber v. Railroad, 100 Mo. 194; Hogan v. Railroad, 150 Mo. 136; Moore v. Railroad, 146 Mo. 580; Corcoran v. Railroad, 105 Mo. 405.

*Goodwin Creason* and *Botsford, Deatherage & Young* for respondent.

(1) Every reasonable fact is to be drawn in favor of plaintiff, in passing on demurrer to the testimony. Davis v. Clark, 40 Mo. App. 515; Crowley v. Railway, 24 Mo. App. 122; Threlkeld v. Railroad, 68 Mo. App. 133; Wilkins v. Railway, 48 Mo. App. 224; Pinney v. Railroad, 71 Mo. App. 588. (2) One about to cross railway tracks should employ that degree of care which common prudence dictates, to prevent casualty; and it is for the jury to ascertain and determine from all the evidence whether or not such care and precaution was used. Baker v. Railway, 122 Mo. 545; Threlkeld v. Railway, 68 Mo. App. 131; Pinney v. Railway, 71 Mo. App. 584; Crowley v. Railway, 24 Mo. App. 122. (3) When one about to cross a railway track manifests deep concern about his or her safety and endeavors to ascertain if there is danger in crossing, then under such cir-

cumstances it is always a question for the jury to pass upon whether or not he or she was guilty of contributory negligence. The plaintiff manifested this concern and precaution for her safety. Bunion v. Railway, 127 Mo. 12; Glynn v. Railway, 59 N. J. Law 432; Hickman v. Railway, 41 App. Div. (N. Y.) 629; Killer v. Railway, 48 App. Div. (N. Y.) 557. (4) The physical conditions of the street and locality surrounding the place of the injury, were such that plaintiff was warranted in attempting to cross the tracks after making the effort which she used in trying to avoid casualty. Baker v. Railway, 122 Mo. 545; Schmidt v. Railway, 163 Mo. 652; Kennedy v. Railway, 105 Mo. 291; Mc-Nown v. Railway, 55 Mo. App. 591; Petty v. Railway, 88 Mo. 327; Johnson v. Railway, 77 Mo. 546; Sullivan v. Railway, 117 Mo. 222.

ELLISON, J.—This action is for personal injury alleged to have resulted to plaintiff through negligence of defendant's servants in not sounding the bell of one of its street cars whereby it ran against her. She recovered judgment.

The plaintiff was hurt while attempting to cross the railway tracks at Ninth and Jefferson streets in Kansas City. Ninth street upon which defendant's tracks were laid runs east and west, while Jefferson street and Penn street run north and south and cross Ninth street. At Ninth and Jefferson where plaintiff was hurt, looking west there is a very steep incline coming up from the Missouri and Kaw river bottoms onto the bluff. The railway was operated on this incline by means of a cable and it was known as a cable railway. Jefferson street, at this point, is not fully at the top of the hill, but further on, up a steep grade, a distance of 250 feet is Penn street which, at this point, is the top of the hill. The crown of the hill at Penn street is no wider than the width of that street; and Ninth street and defendant's tracks pitch down from there at a sharp

descent to Washington street.  The result of this topo-
graphy is that one standing at Jefferson and Ninth
streets looking up the hill east can .plainly see any ob-
ject at the top of the hill at Penn street.  It was shown
and was undisputed that cars coming from the east
stopped at Penn street long enough for the conductor
to get an electric bell signal from the bottom of the in-
cline in answer to his signal, before starting down.

Plaintiff's married son lived nearby and she had
been visiting his family  for several days and had be-
come aware that the cars were passing both ways at
short intervals night and day.  She and her daughter-
in-law were out looking for the latter's little child.
Plaintiff was looking on the south side of Ninth and a
little west of Jefferson street when she came up onto
Jefferson street and stood on the sidewalk at Ninth and
the west side of Jefferson.  Her daughter-in-law was
across on the north side of Ninth street and noticing
plaintiff on the south side, she went over to her and
asked if she had seen anything of the child.  She
answered no.  It seems then to have been in the mind
of each that they would cross back to the north side of
Ninth street, but just then they heard the clanging of
a bell to the west and on looking they saw a car nearby,
coming up the incline on the south track next to them.
The daughter-in-law crossed on over in front of the car,
supposing plaintiff was following after her.  But plain-
tiff stepped back to wait for the car to pass and then
attempted to cross behind the car after it passed,
but as she stepped upon the north track a west-bound
car, descending from Penn street, struck her and in-
flicted the injuries for which she sues.

The evidence for the plaintiff discloses that under
well-established rules of law, she is without right to re-
cover.  The case is made plain by her own testimony.
Her view from where she stood at Jefferson street to the
top of the hill at Penn street was entirely clear except

as it might be obstructed by the car which had just passed her. She testified that she looked east towards the top of the hill and only saw the car which had just passed her going east and that she knew she was safe from that and thus felt free to pass over, when she was struck instantly as she got upon the north track. It is of course perfectly apparent that if she looked before starting over, the passing car prevented her from seeing the approaching car. It is impossible that the car could have come over the hill at Penn street and reached her on the west side of Jefferson street in the mere moment of time she would be in crossing the south track and stepping on the north track, even if no time should be allowed for the stopping at Penn street for the signal to descend. There is a space of a few feet between the tracks, and as plaintiff was crossing the south track behind the car which had just passed, her angle of vision east would increase as the car moved away. She was struck just as she put foot on the north track which clearly shows that she was not looking. It is said, Schmidt v. Railway, 191 Mo. 215, 232, that "the very fact that he did step upon the track immediately in front of an approaching engine and was struck instantly is an absolute demonstration that de did not look, or if he did, that he was bent upon suicide." Even if she should be excused for starting across at all until the passing car had gotten far enough away for her to have seen that the north track was clear, yet starting before that car permitted her to have an unobstructed view, should have suggested to her to keep a sharp lookout as she proceeded across; which if she had done would manifestly have caused her to see the car before she stepped on the track. [Ross v. Railway, 113, Mo. App. 600.] But these are merely additional suggestions why plaintiff's case fails. The law is that when a car is in the way of a view of the track in the

direction from which a car is liable to come, a person must, in common prudence, wait until the obstructing car has passed on so that he may then look to some purpose. [Hornstein v. Railway, 195 Mo. 440; Hafner v. Transit Co., 197 Mo. 196.]

The statement of counsel in plaintiff's brief, is that plaintiff and her daughter-in-law (he uses the word "they") looked both east and west when the daughter-in-law crossed ahead of the east-bound car. But the record does not bear out the statement. The record shows that the daughter-in-law testified that *she* looked both ways and crossed over. But plaintiff determined to wait until the car passed. It is then that she looked before starting across. She says her daughter-in-law crossed over in front of the east-bound car, "but I waited till she went across in front of that car, and I waited till the car got past, and *then* I looked up to see if there was a car, . . . I looked up there for to see the cars coming, but I couldn't see no car, only the car going up the hill, I didn't see no car coming down, and I seen the car going up," etc. Again she said, "I looked both ways you know, for to see the car coming, but I couldn't see only the car going up the hill." And so throughout her testimony, she plainly discloses that she looked east when she could see nothing but the car going up the hill which, of course, kept her from seeing the one coming down, until the one east-bound got far enough away, and then she manifestly did not look again, else she would not have been struck, unless we are to imagine that she stepped in front of the car purposely. In support of the general duty resting upon one about to cross, and while crossing railroad tracks as bearing directly upon plaintiff's conduct in this case we refer to Huggart v. Railway, 134 Mo. 673; Hook v. Railway, 162 Mo. 580; Green v. Railway, 192 Mo. 131; Deane v. Railway, 192 Mo. 575; as well as Ross v. Railway, supra.

Judging from statements of counsel, plaintiff is a

poor and very worthy woman and if the judgment could be upheld without violating established rules of law it would be done. But having demonstrated that the law does not support the case made in her behalf, the orderly administration of justice under the forms of law requires that it be reversed which is accordingly ordered. All concur.