NICHOLAS BRADY et al., Respondents, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, November 11, 1912.

1. MUNICIPAL CORPORATIONS: Streets: Ravine: Contributory Negligence. A ravine ran in the street of a city for a short distance leaving a wagon way on the side. Plaintiffs' son, nineteen years old, had known it since childhood. In passing along the street, the ravine, in full view and in broad daylight, he went over the embankment and was found dead at the bottom. No one saw him and no account could be given of how he got into the ravine. It was held that he was guilty of contributory negligence and no action could be sustained against the city.

2. ————: ————: ————: Presumption or Ordinary Care Rebutted by Evidence. Where there is no obstruction to a full view of a ravine in a street, and one who has known of its existence walks into it, in daylight, and is killed, there is no presumption that he was using ordinary care, since these facts rebut the usual presumption.

3. ————: ————: ————: Pleading: Epilepsy: Contributory Negligence. If one seeking to avoid the bar of contributory negligence by the fact that he was afflicted with fainting spells, called incipient epilepsy, falls into a ditch in a street in such circumstances as would have been contributory negligence but for such affliction, it must be pleaded.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk*, Judge.

REVERSED.

*W. B. Norris, O. E. Shultz* and *P. A. Slattery* for appellant.

(1) Defendant's demurrer should have been sustained for the following reasons: (a). Deceased was guilty of contributory negligence since he must have left the traveled roadway and fallen over an embankment that was obvious and with which he was familiar. There is no presumption that deceased was in the exer-

cise of ordinary care, when it appears from the evidence that he was familiar with the defect complained of, but on the contrary negligence on the part of deceased will be presumed, and a reasonable excuse for not avoiding the defect must be shown. Woodson v. Railroad, 224 Mo. 685; Wheat v. St. Louis, 179 Mo. 572; Cohn et al. v. Kansas, 108 Mo. 387; Benton v. Pennsylvania, 48 Atl. 266; Moore v. Richmond, 8 S. W. 390; Walker v. Reidsville, 2 S. E. 74; Tuffree v. State Centre, 11 N. W. 1; Hayden v. Railroad, 124 Mo. 566, l. c., 573; Huggart v. Railroad, 76 Mo. 80; Bues Ching v. Gas Light Co., 6 Mo. App. 85. (b) There is no evidence that deceased's death was due to bruises and a broken neck produced by the fall over the embankment, as alleged in plaintiff's petition. Death may have been produced by drowning, by reason of an epileptic attack, apoplexy, heart disease, etc. Demalt v. Storage Co., 121 Mo. App. 92, l. c. 105; Goransson v. Mfg. Co., 186 Mo. 300, l. c. 307. (c) The written notice failed to meet the requirements of the charter, in that the nature of the injuries that deceased received was not described. The notice does not disclose whether death was caused by drowning or physical injury. Further, the notice does not state that deceased was using the street as a thoroughfare at the time complained of. R. S. 1909, Sec. 8863; Lyons v. St. Joseph, 112 Mo. App. 681; Jacobs v. St. Joseph, 127 Mo. App. 669.

*C. W. Meyer* for respondents

(1) Defendant's demurrer was properly overruled. (a). "It cannot be laid down as a legal proposition that one who falls into an unconcealed opening adjoining a highway is guilty of negligence if he did not see it, and if he did see it, is guilty of negligence in not avoiding it." It is always presumed that the person injured was exercising due care until the

contrary appears. No one is required to abandon a convenient or accustomed route of travel in a city merely because of dangerous defects in or near a highway. Buesching v. Gaslight Co., 73 Mo. 219. It was not necessary for the plaintiff in this case to introduce evidence, to prove that the fall over the embankment killed deceased. It is presumed that death resulted from the fall in such cases, until the contrary appears. Lancaster v. Insurance Co., 62 Mo. 129; Buesching v. Gaslight Co., 73 Mo. 1. c. 230; Bunting v. Hogsett, 139 Pa. St. 363. (c) The written notice is sufficient, since it states in substance all that the statute requires. Sec. 9111, R. S. 1909; Reno v. St. Joseph, 169 Mo. 642.

ELLISON, J.—Plaintiffs' action is to recover damages resulting to them from the death of their son, occasioned, as they allege, by the negligence of the city. The judgment in the trial court was for plaintiffs.

It appears from the evidence that for a number of years, near where plaintiffs resided in the limits of the defendant city, a deep ditch or ravine with steep banks ran a short part of its course in one of defendant's streets. A roadway likewise ran in the street, at one place in a few feet of, and others twenty or more feet away from the ravine. There is considerable evidence as to just how the ravine ran and where the deceased was found, where his hat was discovered, etc. But for our purposes it may be conceded that deceased went over the embankment at a place within the limits of the street and was thereby killed. No one saw him as he went over. The last seen of him was just before reaching the place, when he was proceeding on his way to perform some service for his mother. He was found dead at the bottom of the ravine with his head and perhaps his shoulders under water.

Deceased was nineteen years old and had known this street and ravine since early childhood. The time of the accident was in the afternoon, in June, in full daylight. There were no obstructions to the foot or the eye. There was nothing to suggest that he stumbled over something in the road and was thereby thrown into the ditch. Nor was there anything occurred whereby he may have run into it in an effort to escape some other danger. Necessarily he must have walked into it while wholly oblivious to his surroundings, or of what he was doing; or else he was attempting, for some reason, to get down the bank, and lost his balance. But whatever caused him to get into the place where found, it must have resulted from his contributory negligence. [Woodson v. Street Railway, 224 Mo. 685; Wheat v. St. Louis, 179 Mo. 572; Kaiser v. St. Louis, 185 Mo. 366.]

There is no need to urge cases upon our attention where there were things which concealed the danger, or might shut it out of sight. Such cases have no bearing upon the conditions here presented.

In the stress of this situation plaintiffs call upon the ordinary presumption that he was in the exercise of ordinary care for his own safety. But that presumption does not arise. It is crowded out of the case by the fact that he saw the danger, or blindly refused to see. "There can be no presumption of ordinary care in the face of such facts to the contrary and without explanation." [Huggart v. Railroad, 134 Mo. 673, 679, 680; Hayden v. Railroad, 124 Mo. 566, 573.]

The suggestion is made that the deceased had incipient epilepsy. But we need not deal with such solution of the mystery of his action, for it was not pleaded (Woodson v. Street Railroad, supra) and, in addition, was abandoned by not having been mentioned in instructions offered by plaintiffs.

Plaintiffs' case being without legal support, the judgment must be reversed. All concur.