DAVID FAGG, Respondent, v. MISSOURI AND
NORTH ARKANSAS RAILROAD COMPANY
and its Receivers, Appellants.

Springfield Court of Appeals, November 5, 1914.

1. RAILROADS: Injuries: Crossing Collisions. In an action for
injuries against a railroad company based on the failure of the
company to give statutory warning signals at a crossing, where
the evidence sustains the allegations a verdict for the plaintiff
will be sustained unless he was guilty of contributory negli-
gence as a matter of law.

2. ———: Evidence: Testimony Contradicted by Physical
Facts. Action for personal injuries based on the failure of
defendant railroad to give statutory warning signals at a
crossing. Testimony of plaintiff that he looked and listened
and did not see the approaching train reviewed and examined
and *held* not tenable since the physical facts and surroundings
showed that a person in the position he described himself as
being could have seen the approaching train a quarter of a mile
away.

3. ———: Crossing Collisions: Humanitarian Doctrine: Instruc-
tions. Action against a railroad company for personal in-
juries received in a crossing collision. Recovery sought on
humanitarian doctrine. An instruction which left out any
reference to liability where, by the exercise of ordinary care
on the part of defendant's servants, the plaintiff could have
been seen, was erroneous.

4. PRACTICE: Action in Several Counts: Finding on One:
When Not a Bar On Others. In an action against a railroad
company for personal injuries received in a railroad crossing
accident, plaintiff charged three acts of negligence in as many
counts. The jury returned a verdict for plaintiff on the first
count, but returned no finding on the other two. The jury's
failure to make findings on the two counts does not bar a
retrial on the issues therein contained, no judgment being
rendered.

5. APPELLATE PRACTICE: Various Counts: One Not Sus-
tained: Another Reversed and Remanded: Erroneously In-
structed Upon. Action for damages because of a crossing ac-
cident. The petition contained three counts. The verdict of
the jury was on one count only and it was against the physical

facts. On another count the jury was misdirected by erroneous instructions, but no judgment was rendered thereon. The judgment is reversed and the cause remanded.

Appeal from Newton County Circuit Court.—*Hon. Carr McNatt,* Judge.

REVERSED AND REMANDED.

*O. L. Cravens* for appellant.

The demurrer to the evidence should have been sustained. Sanguinette v. Railroad, 196 Mo. 466; Kelsay v. Railroad, 129 Mo. 362; Haydon v. Railroad, 124 Mo. 566; Payne v. Railroad, 136 Mo. 562; Osborne v. Railroad, 179 Mo. App. 245; Keele v. Railroad, 258 Mo. 62; Walker v. Railroad, 193 Mo. 453, 479; Mocowik v. Railroad, 196 Mo. 550, 570; Green v. Railroad, 192 Mo. 131; Schmidt v. Railroad, 191 Mo. 215; Stotler v. Railroad, 204 Mo. 619; Huggart v. Railroad, 134 Mo. 673; Laun v. Railroad, 216 Mo. 536; Stepp v. Railroad, 85 Mo. 229; Kelly v. Railroad, 88 Mo. 534; Burge v. Railroad, 244 Mo. 76; Schaub v. Railroad, 133 Mo. App. 444; Waggoner v. Railroad, 152 Mo. App. 173, 179; Newton v. Railroad, 152 Mo. App. 167; Madinger v. Railroad, 152 Mo. App. 453; Ferris v. Railroad. 167 Mo. App. 392.

*Hubbert & Hubbert* for respondent.

There is no issuable assignment of errors whereon to base joinder of issue in error, and, no response should be required in this case to appellant's brief. If there were due assignment of error, and even if there were defects in plaintiff's case on his evidence alone, yet when defendant also offered evidence, as the record here shows was done, the case could not be sent off now on the first demurrer; but on the second demurrer, at the close of the whole case, the

plaintiff was and yet is entitled to the benefits of all contributions of fact to his case by defendant's evidence. Eswain v. Railroad, 96 Mo. 290; McPherson v. Railroad, 97 Mo. 253. (2) The jury was entitled to draw the inference that if the statutory signals had been given, it might have attracted the attention of the animal and caused him to get over the tracks without being struck. A timely crossing signal would have saved the respondent is the meaning of the verdict of the jury in this case; and it should stand. Tate v. Railroad, 153 Mo. App. 533.

FARRINGTON, J.—Plaintiff recovered a judgment for injuries to his person and to his team and wagon and its contents as a result of a collision at one of defendants' railroad crossings in Newton county. He was struck by a northbound combination baggage and passenger coach propelled by a gasoline electrical motor. Plaintiff in his petition charged in three counts three acts of negligence on the part of the defendants. The first is based on a failure to give the statutory warning signals. The second is based on the humanitarian doctrine. The third is based on a failure to provide a proper railroad crossing.

The defendants' answer was a general denial coupled with a plea of contributory negligence.

At the close of the evidence defendants offered three instructions in the nature of demurrers to the evidence on each of the three counts, which were by the court refused. At plaintiff's request the court gave instructions predicated on the negligence alleged in the three counts and submitted the case to the jury. A verdict was returned for the plaintiff on the first count which was the one based on the failure to give the warning signals. No express verdict whatever was returned on the second and third counts. The

judgment therefore comes to us founded on the cause of action stated in the first count of the petition.

There is substantial evidence in this record that the statutory warning signals were not given. Therefore, the verdict of the jury returned on the first count must be sustained unless the plaintiff was guilty of contributory negligence as a matter of law. A review of the evidence will determine this question.

Plaintiff, a young man twenty-seven years of age, whose eyesight and hearing were good, driving two horses hitched to a wagon covered with canvas similar to a mover's wagon at about nine o'clock in the morning of a clear day approached from the south a railroad crossing on a county road. The dirt road on which he traveled runs north and south. The railroad coming from the southeast crosses the dirt road at an angle of about forty-five degrees and continues in a northwesterly direction. The dirt road crossed the railroad in a straight line, which made the right-hand front wheel of plaintiff's wagon strike the first rail of the railroad at an angle of about forty-five degrees, and before the left-hand front wheel of his wagon would strike the rail. The same thing would occur as to the back wheels of his wagon. The evidence is undisputed that the approach to the rails begins at a point about seventy-eight feet from the track, and from that point rises about five feet to the center of the track. Plaintiff testifies that when he reached the point where the approach begins he stopped, raised up in his wagon (this would put his head about seven feet above the surface of the ground) and looked in both directions for a train and listened for a train, and that as he went forward from that point he at no time saw the car although he looked in both directions several times as he went up this seventy-eight foot approach to the crossing, nor did he hear or know that a train was approaching until his horses were right at the crossing and when

the train was right on him. It struck his wagon, he thinks back of the front wheel. After the collision, parts of his demolished outfit were found on either side of the track. He remembers that when he first heard the train it was right on him, and he struck his horses to make them go faster and get across. Alongside one of the horses being driven to the wagon was hitched a small jack that was being led. Plaintiff testifies that as he went upon this seventy-eight foot approach his team traveled in a good, long walk. The plaintiff at no time testified to the presence of any obstructions that would interfere with his vision to the south, the direction from which the car came that struck him. Plaintiff introduced a witness who resides very near the crossing, who, according to his testimony, was thoroughly familiar with its surroundings. He testified that he measured from the railroad track south on the dirt road to the point where the approach to the crossing begins (and this is where plaintiff said he stood up in the wagon and looked in both directions and saw nothing) and that it was twenty-six steps or seventy-eight feet to that point. He further testified that an engine and train from this point can be seen approaching from the south for over a quarter of a mile; that from the seventy-eight foot point to the track there was nothing to obstruct or interfere with the vision to the south; that at a point some thirty or forty feet from the track a clear view of the rails can be had for a distance of a quarter of a mile to the south. This was the first time the plaintiff had been along that road, and he says he knew for some time before coming to the crossing that he was about to cross a railroad, there being a railroad crossing sign in full view; that he stopped at the bottom of the incline to look and listen for a train. The evidence discloses that the railroad track, beginning at the crossing and continuing for some distance south, is up on a fill five feet high which gradually grows less until

it goes into a small cut beginning some two hundred and fifty or three hundred feet south of the crossing. Plaintiff testified that he did not know how far it is from the bottom of the incline to the railroad track, but when asked if he had heard his witness swear that it is seventy-eight feet, he stated that he would not dispute it. Plaintiff offered evidence of the length and weight of the car and its height—about fourteen feet, or the same as the cab of an ordinary engine.

The following undisputed facts therefore stand out in this record: Plaintiff on a clear day knew he was approaching a railroad crossing. He was capable of hearing and seeing and did stop, to ascertain whether a train was coming, at a point where he was in perfect safety from collision. From that point on to the crossing there was no place that he could not see the motor car coming if he had looked for it when it was at any point on the track within a quarter of a mile of the crossing. He was in a safe place where by the exercise of ordinary care he could protect himself, and this is true from the point at which he stopped clear up to the place where he was injured. He drove upon the track and was struck by the car. He was in a covered wagon but did not know that a car was near until he says his team was right at the crossing and the car was right on him.

No stronger statement of a case of contributory negligence in law will be found in our reports. The law will not permit plaintiff to be believed when he says that he looked and did not see where the physical facts disclose that to look he could not help seeing. Without further discussion or a review of the authorities it is sufficient to say that plaintiff was guilty of negligence as a matter of law which contributed to cause his injuries, notwithstanding defendant was negligent in failing to give the statutory signals. This is no unchartered field as the question has been discussed in a great number of decisions in this State.

The following sufficiently state the rule which we hold governs the case in hand: Huggart v. Railway Co., 134 Mo. 673, 36 S. W. 220; Kelsay v. Railway Co., 129 Mo. 362, 30 S. W. 339; Hayden v. Railway Co., 124 Mo. 566, 28 S. W. 74; Burge v. Railroad, 244 Mo. 76, 148 S. W. 925; Farris v. Railroad, 167 Mo. App. 392, 151 S. W. 979; Walker v. Railroad, 193 Mo. 453, 92 S. W. 83; Osborn v. Railroad, 179 Mo. App. 245, 166 S. W. 1118; Stotler v. Railway Co., 204 Mo. 619, 103 S. W. 1. The case of Drake v. Railroad, 51 Mo. App. 562, was decided on facts very similar to the facts of our case.

This disposes of the controversy submitted on this appeal. The cases above cited clearly show that defendants' demurrer to the evidence under the first count should have been sustained.

We may also express the opinion that plaintiff failed to show facts entitling him to recover on the third count of his petition—as to a defective crossing. Now as to what order we shall make: The way in which plaintiff presented his case for trial required a finding by the jury on each count; but the defendants offered an instruction ("B-1") on the humanitarian doctrine (under plaintiff's second count) which was given by the court and which contained manifest error against the plaintiff in that it told the jury that defendant had a right to expect a clear track at this public crossing and owed the plaintiff no duty to look out for him, and that defendant could only be liable in case plaintiff was actually seen in a position of danger in time to have prevented the collision; it left out any reference to liability where, by the exercise of ordinary care on the part of the defendants' servants the plaintiff could have been seen. [See Lang v. Railway Co., 115 Mo. App. 489, 91 S. W. 1012; Hufft v. Railroad, 222 Mo. 286, 121 S. W. 120.] And it may have been this erroneous instruction on plaintiff's second count that caused the jury to fail to make

a finding for the plaintiff on such count. Whatever may be the effect of the failure of the jury to make a finding on the second and third counts of the petition in the verdict, it would be no bar until a judgment was rendered in defendants' favor on such returned verdict; and no such question is before us on the verdict returned so far as the second and third counts' are concerned because no judgment was entered thereon as to such counts. Besides, the question as to what order shall be made in case of reversal is not briefed by the attorneys. In view of the error in the instruction on the humanitarian doctrine, we will not decide whether the failure of the jury to make a specific finding on the second count is such a bar as to deny plaintiff the right to a trial on such issue.

The judgment appealed from is reversed and the cause remanded. [See Gordon v. Railroad, 153 Mo. App. 1. c. 565, 134 S. W. 26, and Glenn v. Street Ry. Co., 167 Mo. App. 109, 150 S. W. 1092.] *Robertson, P. J.,* and *Sturgis, J.,* concur.