HENRY OWENS, Respondent v. ST. LOUIS, SOUTHWESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 2, 1915.

1. RAILROADS: Injury at Crossing: Failure to Give Statutory Signals: Sufficiency of Evidence. In an action against a railroad company for injuries to plaintiff, resulting from his team's becoming frightened and overturning the wagon when he attempted to back off of the track at a road crossing, in an effort to avoid a collision with an approaching train, evidence *held* sufficient to warrant a finding that the bell on the locomotive was not rung nor the whistle sounded within eighty rods of the crossing, as required by Sec. 3140, R. S. 1909.

2. ———: ———: ———: Contributory Negligence: Proximate Cause. In an action against a railroad company for injuries sustained at a road crossing, prosecuted on the theory that defendant was neglgent in failing to ring the bell or sound the whistle within eighty rods of the crossing, as required by Sec. 3140, R. S. 1909, where it affirmatively appears in plaintiff's case-that the negligence of the injured person contributed to his injury or that the failure to give such signals did not cause the injury, a verdict should be directed for defendant.

3. ———: ———: Contributory Negligence. A railroad track is a signal of danger to all persons *sui juris*, and those about it must look and listen for approaching trains before going upon it or attempting to cross it, and this duty is a continuing one and is not performed by looking or listening at a point where the view or the hearing is obstructed.

4. ———: ———: ———. Plaintiff, who had looked for an approaching train but saw none because his view was obscured by bushes or because the train was in a cut, but who, after going within eighty feet of the crossing, where he could have seen the train had he looked, made no observation whatever, and drove his team at a walk toward the track, was guilty of contributory negligence, defeating his action for injury sustained by being struck by the train while attempting to back his team from the track by being thrown from the wagon as a result of his team's becoming frightened when he attempted to back off of the track in an effort to avoid a collision with the approaching train.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED.

*S. H. West* and *Wammack & Welborn* for appellant.

The physical conditons of the crossing of the public road on which respondent was traveling over appellant's railroad at the crossing where the respondent was injured are such that if at any time after the respondent reached the point on the public road 325 feet from the railroad crossing, if he had looked for an approaching train he could have seen it 2000 feet away. Under this state of facts appellant's demurrer to the evidence should have been sustained. Sanguinette v. Railroad, 196 Mo. 466; Osborne v. Railroad, 166 S. W. 118; Kelsay v. Railroad, 129 Mo. 362; Burge v. Railroad, 244 Mo. 76; Rollins v. Railroad, 139 Fed. 639.

*J. M. Cook* and *W. E. Edmonds* for respondent.

(1) In determining the issue of contributory negligence, there is no inflexible formula to be applied to all cases. Each must be ruled in view of the particular characteristics it exhibits. No procrustean standard of negligence, predicated on a failure to look and listen, exists. Kenney v. Railroad, 105 Mo. 270; Hux v. Railroad, 162 Mo. 569. Negligence is always a question for the jury when the evidence upon material points is conflicting, and even when the facts are undisputed if they are of such a character that different minds might draw different conclusions from them, the case should be submitted to the jury. Lamb v. Railroad, 147 Mo. 171; Montgomery v. Railroad, 181 Mo. 477. (2) The jury are the sole judges of the weight of the evidence and in the absence of fraud, prejudice or corruption, their finding will not be disturbed if supported be any substantial evidence. Fullerton v. Carpenter, 97 Mo. App. 197. The general rule in actions at law is that the appellant court will not reverse on the weight of evidence. Bray v. Kramp, 113 Mo. 552; Metal Co. v. Daugherty, 204 Mo. 71.

NORTONI, J.—This is a suit for damages accrued on account of defendant's negligence. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff was injured at a public road crossing on defendant's railroad by the overturning of his wagon because of the fright of the team of mules he was driving. The suit proceeds under the statute which requires railroads to either sound the whistle or ring the bell attached to a locomotive on approaching the crossing of a public highway.

It appears plaintiff, a farmer, was en route home from Dexter, riding on a spring seat in an ordinary farm wagon, accompanied by his two stepsons and another young man. The hour was about 6:30 o'clock in the evening and the date December twenty-second. It was drizzling rain at the time and darkness prevailed. The general course of defendant's railroad at the place in question is from northeast to the southwest, but there appears to be a slight curve there as well. However, the curve in nowise materially influences the case, for plaintiff admits one could see a train approaching eighty, and may be one hundred, rods from the northeast. The public road runs almost north and south and crosses defendant's tracks at a place where the view is open and clear for a considerable distance. Just before reaching the crossing on the north and west side of the railroad, the public road diverges some to the southwest, and for as much as sixty feet runs almost, but not quite, parallel with the railroad, until the crossing is reached.

Plaintiff was driving his wagon southward at the rate of about three miles per hour and en route home over a road and approaching a crossing with which he was entirely familiar. He crossed there every few days and knew the *locus in quo* full well. Shortly before coming upon the track—that is, something more than one hundred feet distant therefrom—he says he looked for an approaching train, but neither saw nor

heard one. It appears there was a clump of bushes some two hundred feet north of the railroad track, and, after passing these, the view was open for a long distance to the northeast. Some distance to the north and eastward was a cut through which the railroad passed, and plaintiff says the train was evidently in this cut at the time he made an observation in that direction, for he neither saw nor heard it. The evidence is conclusive, and, indeed, the case concedes, that the locomotive bore a brilliantly lighted headlight, and the train was discernible therefrom for as much as eighty rods—that is, a quarter of a mile. The train was moving at from thirty to thirty-five miles per hour. Plaintiff says that he was between eighty and one hundred feet from the crossing when he looked and listened for a train the last time, and it is conceded that the view was open up the track to the northeastward one hundred feet north of the crossing—that is to say, one could see an approaching train from any point in the highway as much as one hundred feet north of the crossing to the northeastward up the track for a distance of eighty rods. After looking and listening for a train from eighty to one hundred feet before reaching the crossing, plaintiff drove forward with his team at a walk, at about three miles per hour, until his lead mule was about to step upon the crossing, when he was stopped by Mr. Jorndt. It appears that Mr. Jorndt and some other gentlemen were traveling northward in an automobile, but stopped on the south and east side of the track about twenty-five feet from the crossing and Mr. Jorndt went forward to the crossing. He hallooed to plaintiff, whom he saw driving toward the crossing, that a train was coming. The train was in plain view at the time and approaching at high speed. Plaintiff undertook to back his team of mules out of the danger zone in order to permit the train to pass, and while so doing, they became frightened, overturned his wagon, and inflicted the injury complained of.

The evidence tends to prove that neither the whistle nor the bell attached to the locomotive was sounded, as the statute requires, and the negligence of defendant with respect to this matter is to be regarded as sufficiently established. But though such be true, the case is to be disposed of on the grounds of contributory negligence, for it is obvious that plaintiff was remiss concerning the duty which the law devolved upon him to look out for his own safety. Although formerly it was the rule of decision under the statute that a plaintiff made a prima-facie case of negligence by showing the injury complained of and that neither the bell was rung nor the whistle sounded, as required, on the theory that, upon this appearing, the statute cast the burden on the railroad company to exculpate itself from fault, more recent decisions materially qualify the doctrine, where plaintiff's negligence affirmatively appears. In such cases, it is said if it appears affirmatively in plaintiff's case that the negligence of the injured party contributed to his hurt, or that if, from plaintiff's case, it is revealed that the failure to ring the bell or sound the whistle did not occasion the injury, the prima-facie case which might otherwise be sufficient is thus rebutted and overcome, so as to remove the question entirely from the province of the jury. [See McGee v. Wabash R. Co., 214 Mo. 530, 114 S. W. 33; Green v. Mo. Pac. R. Co., 192 Mo. 131, 90 S. W. 805; Maginnis v. Mo. Pac. R. Co., 182 Mo. App. 694, 165 S. W. 849.]

Here, according to plaintiff's testimony, he was careless for his own safety A railroad track is a signal of danger to all persons *sui juris* and those about it must look and listen for approaching trains before going thereon or attempting to cross it. Moreover, this duty is a continuing one and the duty may not be performed by attempting to look or listen from a point where the view or the hearing is obstructed. [See Kelsey v. Missouri Pac. R. Co., 129 Mo. 362, 30 S. W.

339.]   Plaintiff concedes that he could have seen the train had he looked after coming within from, say, eighty feet of the crossing.   He had looked before but saw no train because it may be his view was obscured by the few bushes at the roadside there or because the train was in the cut as he stated.   But, be this as it may, he admits that he made no observation whatever after coming within eighty feet of the crossing.   It is true that, because of the direction of the public road, he would be required to look more or less over his shoulder, but, nevertheless, the obligation rested upon him. He drove steadily on as if oblivious to danger and made no attempt to ascertain the approach of the train after looking from a point eighty or one hundred feet north of the crossing and this, too, though, as he concedes, the view was open in the direction from which the train approached for eighty rods.   Indeed, except for the interposition of Jorndt immediately before going on the crossing, it may be that he would actually have driven upon the track.

Our reports abound with cases where persons have been declared negligent as a matter of law for having diven upon a railroad track without making observation of the approaching train, as here, while crossing a much narrower area of unobstructed view.   The Supreme Court has frequently given judgments adversely to the plaintiff's right in cases more favorable to a recovery than this one.

In Sanguinette v. Mississippi River, etc. R. Co., 196 Mo. 466, 467, 491, 95 S. W. 386, decedent was declared negligent as a matter of law for having crossed a space of thirty-five feet of unobstructed view without making observation for the approaching train which occasioned his death.

In Hayden v. Missouri, K. & T. R. Co., 124 Mo. 566, 571, 572, 28 S. W. 74, the decedent passed over an unobstructed area from fifteen to thirty feet in width before going upon the crossing, and was declared negli-

gent as a matter of law for having failed to look and listen during the interval for the approaching train.

In Huggart v. Mo. Pac. R. Co., 134 Mo. 673, 36 S. W. 220, the intervening space over which the decedent passed before going upon the crossing without looking or listening for the approaching train and in which the view of the tracks was open was from thirty to forty feet, and the court declared him negligent as ·a matter of law.

In Kelsay v. Mo. Pac. R. Co., 129 Mo. 362, 30 S. W. 339, the open space presenting an unobstructed view was but twenty-five feet, and the court declared the plaintiff guilty of negligence as a matter of law for failing to look and listen while passing over it and before going upon the track. [See also Rollins v. Chicago, M. & St. P. R. Co., 139 Fed. 639; Maginnis v. Mo. Pac. R. Co., 182 Mo. App. 694, 165 S. W. 849.]

Plaintiff was driving the team in a slow walk, was seated in an open wagon and his freedom was in nowise encumbered. He could have seen the train but carelessly failed to exercise his senses. On the authorities above cited, it is obvious that he may not recover because his right is precluded by his own negligence in failing to look and listen while passing over as much as eighty feet of the public road when his view was unobstructed and he might have discovered the danger in time to have prevented the injury complained of.

In this view, the judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.