RISSLER, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, May 16, 1905.

1. **STREET RAILWAYS:** Injury at Crossing: Look and Listen. A party about to cross a street railway track must look and listen for approaching cars and will be denied recovery for injuries due to a collision with a car, if the duty is omitted, when by performing it, the accident could have been prevented.

2. ———: ———: ———: Contributory Negligence: Jury Question. In an action for injuries received by collision with a street car, where it was shown the plaintiff, when about to cross a street railway track, looked and listened for approaching cars where his view was obstructed so that he could only see about 150 feet, but failed to look again after advancing to where his view was unobstructed and where the evidence leaves it doubtful whether he could have crossed the track without injury, if the car, which was approaching and collided with him, had been going at a lawful rate of speed, it was a question for the jury as to whether he was guilty of contributory negligence which would preclude recovery.

3. ———: ———: Last Chance. The last chance rule does not apply in an action against a street railway company for injuries received at a crossing by a collision with a car, where the motorman in charge of the car had no warning by the demeanor of the party injured that the latter was about to put himself in a position of danger.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, Geo. W. Easley* and *Morton Jourdan* for appellant.

Defendant's peremptory instruction in the nature of a demurrer to the testimony should have been given. Fanning v. Transit Co., 78 S. W. 62; Ries v. Transit Co., 77 S. W. 734; Aldrich v. Transit Co., 101 Mo. App. 77, 74 S. W. 141; Barry v. Transit Co., 102 Mo. App. 469, 76 S. W. 706; Asphalt Co. v. Transit Co., 102 Mo. App. 469, 30 S. W. 741.

*Thos. B. Harvey* and *Johnson & Martin* for respondent.

GOODE, J.—Respondent was struck and injured by a street car a little after nightfall. The accident happened on Washington avenue in the city of St. Louis at the intersection of that thoroughfare with Leffingwell avenue. Rissler was hurt while attempting to pass from the southwest to the northwest corner of the intersecting streets. While standing on the curb of Washington avenue and before starting forward, he looked to the west for a car but neither saw nor heard one. He testified that his view of the track was unobstructed for half a block (about 150 feet) but at that distance was intercepted by a laundry wagon standing against the curb at the third house to the left. If the wagon had not intervened he would have had a clear view for two blocks, or six or seven hundred feet. After taking the precaution to look when on the curb, Rissler walked forward without again looking until he was on the near railway track when, just an instant before the car struck him, he saw it, but too late to get out of the way. If Rissler had paid attention to his surroundings he could both have seen and heard the approach of the car from the west after he had taken a step or two from the curbstone and have stopped until it passed. There was testimony besides his own that he walked straight ahead. When

struck he was in the center of the south track, which shows he had just stepped in the pathway of the car. He said that for some reason he looked up an instant before the car hit him and saw it twenty or thirty feet away, but too late to avoid it.

The acts of negligence charged in the petition are failure of the motorman to sound the bell, running at too high speed and neglecting to keep a vigilant watch for persons and vehicles and stop the car in the shortest time and space possible on the first appearance of danger to the respondent. There was evidence conducing to prove that the car's speed was beyond the ordinance limit of eight miles an hour, and some evidence that if the car had been running at that rate it could have been stopped in about twenty feet.

The answer filed was a general denial and a special defense that respondent contributed to his injury by going on the track without looking or listening when, if he had taken those precautions, he would have escaped injury. Further, that when he got on the track the car was so close that a collision was bound to happen. We deem it unnecessary to set out all the instructions in the case but will notice those material to this appeal.

The trial resulted in a verdict for the respondent for $1,500.

Among other instructions the railway company requested one directing the jury to return a verdict for the appellant, and we have been in grave doubt whether that direction should not have been given. The rule in this State is that a party about to cross street railway tracks must look and listen for approaching cars before doing so and will be denied a recovery for an injury due to a collision with a car if the duty is omitted, when by performing it the accident could have been prevented. [Murray v. Transit Co., 176 Mo. 183, 75 S. W. 611, 83 S. W. 995; Hickman v. Railroad, 47 Mo. App. 65; Smith v. Railroad, 52 Mo. App. 36; Sonnenfeld Millinery Co. v. Railroad, 59 Mo. App. 668.] This is on the theory that a

Rissler v. Transit Co.

person hurt under those circumstances is guilty of negligence directly contributing to the injury. No doubt exceptional cases arise in which the injured person would be entitled to a verdict notwithstanding his negligence; because the latter might be so remote as to constitute no contributing cause of the accident. In the present case Rissler, according to his own testimony, complied with the rule to some extent, by looking and listening for cars before he left the curbstone. His view from the curbstone only extended one hundred and fifty feet west, he said, and from there was obstructed by a laundry wagon. Afterwards he walked a distance variously estimated by the witnesses at from nine to fourteen feet before he reached the car track, and during that interval made no further effort to ascertain if he could cross in safety. Now, it is insisted by the appellant that having looked where his view was obstructed, he was bound to look again before going on the track and ought to be nonsuited on his own admission that he did not. We concede that decisions of that purport can be found, particularly in the Pennsylvania reports; for the courts of that State require a person about to cross a car track to look out for danger at the edge of the track. [Kern v. Railroad, 194 Pa. St. 75; Burke v. Railroad, 198 Pa. St. 497; Chrisman v. Railroad, 150 Pa. St. 180.] There are cases, too, somewhat analogous in other jurisdictions, in which plaintiffs were defeated by the courts on account of their negligence. [McGarth v. R. R., 66 N. J. L. 312; Doherty v. R. R., 118 Mich. 209; Kelley v. R. R., 175 Mass. 331; Baumann v. R. R., 47 N. Y. Supp. 1094.] And in this State a man does not discharge his duty to look out for cars before going on a track by looking where his sight is obstructed. But Rissler could see quite a distance, and the evidence leaves some uncertainty as to the width of the driveway between the curbstone and the car track. According to Rissler's testimony when he looked at the curb along a stretch of one hundred and fifty feet, no car was in sight or hearing.

Now, a car running at ordinance speed (eight miles an hour) would hardly have reached the crossing before Rissler was over the track; and if he saw or heard nothing to show one was approaching at an unlawful speed, he had the right to assume, and act on the assumption, that if one came along its speed would be lawful. [Hutchinson v. R. R., 161 Mo. 246, 61 S. W. 635, 852.] On the whole we think it was a question for the jury as to whether Rissler was guilty of contributory negligence. Rissler was a man whose senses of sight and hearing were unimpaired and it is almost incredible that, if he was exercising ordinary care, he could fail to hear the car which struck him in time to keep out of the way even though the bell was not rung. These facts have induced the belief in the mind of one judge of the court that Rissler's own testimony admits of no inference but that he was guilty of contributory negligence which bars recovery. In my opinion the theory that persons about to cross railroad tracks call to mind what the rate of speed prescribed by some municipal ordinance is, and, depending on the observance of that speed by a car or train which may be approaching, whether in sight or out of sight, think they can cross in safety, is largely a fiction. But it is the law and this case is governed by it in some measure.

The court gave one instruction the substance of which was that though the jury found respondent carelessly attempted to cross the track at the time and place and in the manner he did, nevertheless he was entitled to recover if the evidence showed the motorman saw his peril in time to avoid striking him by the exercise of ordinary care in checking the speed of the car; or if, by keeping a vigilant watch ahead, the motorman could have discovered the peril in time to avoid the accident. This was the application of the last clear chance doctrine to the case. But we think the facts in proof left no room for a verdict in favor of the respondent on the theory that though he may have been negligent in try-

ing to cross the track, the motorman could have saved
him by the exercise of ordinary care. Rissler's own
testimony is that after he left the curbstone where he
had looked and listened for a car and neither seen nor
heard one, he proceeded toward the track in a moderate
walk and at his usual gait. There was nothing in his
manner to signify that he was unconscious of his sur-
roundings. His attention was distracted by no object,
or incident, or danger from any other car, nor was his
mind confused. He was simply a pedestrian proceeding
along a street crossing in an ordinary way and giving
no warning to the motorman by his demeanor that he
would go on the track in front of the car. Hence the
motorman was justified in assuming that he would not.
[Boyd v. R. R., infra.] Now, to entitle the respondent
to a verdict on the theory of the instruction under re-
view, there must be room for the finding that the
appellant had a last clear chance to avert in-
jury to the respondent subsequent to the latter's negli-
gence; which means in this case that the motorman
must have had reasonable cause to believe there was
danger of striking the respondent in time to check the
car before it got to him. The motorman had no cause
to believe the respondent was in peril or that there was
danger of striking him, until respondent stepped on the
track, and then had not sufficient time to stop the car.
Cases sometimes arise in which the behavior of the in-
jured party was of a character that ought to have ap-
prised a motorman or engineer of reasonable prudence,
that the party was oblivious to his surroundings and
would go into danger. • If so, a recovery may be had for
the injury if it could have been averted after the motor-
man or engineer ought, in reason, to have perceived the
danger of a collision. [Aldrich v. Transit Co., 101 Mo.
App.. 77, 74 S. W. 141; Murray v. Transit Co., 108 Mo.
App. 501, 83 S. W. 995.] This case, on the immediate
point, is like the case of Boyd v. R. R., 105 Mo. 371, 16
S. W. 909. Both the injured parties walked right in

front of a swiftly moving vehicle: Boyd in front of a locomotive and Rissler in front of a street car. Boyd was killed and his widow was denied relief by the Supreme Court. This case is distinguished somewhat from the Boyd case, because in the latter there was no positive proof that the deceased looked and listened before going on the track; whereas Rissler made such proof. But the two are exactly alike in this; possibly the injured parties carelessly got on the track and their carelessness directly contributed to their injuries and left no chance to the engineer and motorman to save them. Rissler had barely stepped over the south rail of the south track when the car hit him; thus demonstrating that the car could not have been stopped before getting to him. Hence if he was guilty of negligence in going on the track, he ought not to recover.

The judgment is reversed and the cause remanded. Judge Nortoni concurs; Judge Bland dissents from the order remanding the cause and holds it ought to be reversed absolutely.