VOELKER PRODUCTS COMPANY, Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals, November 3, 1914.

1. **STREET RAILWAYS: Collision at Crossing: Contributory Negligence: Reliance upon Ordinance.** Reliance upon the presumption that the street car would not be run in excess of the maximum rate of speed permitted by ordinance cannot be availed of to defeat contributory negligence on the part of a person struck or in charge of a vehicle struck by such car,

unless such person, if he be alive and is called as a witness, testifies that he knew of the ordinance fixing the speed limit and relied upon its being observed, when approaching the track.

2. ————: ————: ————. It is the duty of one approaching a street railway track to not only listen for the approach of a car, but to look at a point where the vision is open for a considerable distance—at least when considered with reference to the known likelihood of cars approaching at a high rate of speed.

3. ————: ————: ————. The duty to look and listen for approaching cars will not be regarded as performed through merely attempting to look from a point where the view is obstructed, but the duty is a continuing one until the track is reached, and if there is a point between the crossing and the track which gives an opportunity to see, it is the duty of the traveler to look.

4. ————: ————: ————. In an action for damages to a truck by being struck by a street car at a crossing, the evidence showed that the driver, when the truck was about forty or forty-five feet from the track, looked for approaching cars, but saw none, although he could see about one hundred and twenty-five feet up the track. After passing the obstruction which limited the scope of his vision, he drove slowly toward the track, for a distance of twenty-five or thirty feet, without again looking. When called as a witness, he did not testify that he knew of the ordinance fixing a maximum rate of speed for street cars and that he relied upon its observance when approaching the track. *Held*, that the driver was guilty of contributory negligence as a matter of law, in failing to look for approaching cars after passing the obstruction, precluding a recovery by plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

Affirmed.

*McPheeters & Wood* for appellant.

(1) It is elementary law in this State that a demurrer to the evidence admits as true every fact and inference that may be reasonably deduced therefrom Strauchon v. Railroad, 232 Mo. 587; Crossett v. Ferrill, 209 Mo. 704. (2) Unless the only conclusion that

can reasonably be drawn from the evidence is that the plaintiff was guilty of contributory negligence, a demurrer to the evidence should be overruled. It is only when the evidence is such that there can reasonably be no two opinions on the subject that the court should sustain a demurrer. Campbell v. Railroad, 175 Mo. 161; Erickson v. Railroad, 171 Mo. 647. (3) Ordinary care does not require the traveler to constantly look and listen at all points of his approach to a railway crossing and while upon the track. If he looks and sees no car approaching he should not be held guilty of negligence as a matter of law in attempting to cross, if, in view of the distance for which the track appears to be clear he would have time to cross before a train or car going at the usual and lawful rate of speed would reach the crossing. Strauchon v. Railroad, 232 Mo. 587; White's Supp. to Thomp. Neg., p. 318, sec. 1669; Maloney v. Railroad, 167 S. W. 471; Hamm v. Railroad, 167 S. W. 1075; Criss v. Railroad, 166 S. W. 835; Lagarce v. Railroad, 166 S. W. 1063.

*Boyle & Priest, Morton Jourdan* and *T. M. Pierce* for respondent.

(1) The appellant's chauffeur was guilty of negligence as a matter of law, even giving him every permissible indulgence in his favor. McCreery v. Railroad, 221 Mo. 31; Hamm v. Railroad, 167 S. W. 1070. (2) The appellant's chauffeur cannot claim that he relied upon the presumption that the car would be operated at a speed in conformity with the municipal ordinance, because he remained silent upon that subject when testifying. If he relied upon the observance of the Speed Ordinance, he could have said so, but the record is perfectly barren of any such evidence. Mockowik v. Railroad, 196 Mo. 571; Strauchon v. Railroad, 232 Mo. 591. (3) The appellant's chauffeur was guilty of negligence in driving towards the track at a rate

of speed of six miles an hour from a position of safety twenty-five feet away without further looking or attempting to stop, since such operation of an automobile was not the exercise of the highest degree of care which a very careful person must use according to section 8523, R. S. 1909.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the alleged negligence of defendant in running its street car against plaintiff's automobile truck. The court peremptorily directed a verdict for defendant and plaintiff prosecutes the appeal.

The specifications of negligence relied upon in the petition are two in number—first, that the defendant operated its street car in violation of the Speed Ordinance prescribing fifteen miles an hour as the limit at the point of collision; and, second, that it omitted to sound an alarm as by ringing the gong attached to the car, required by another ordinance. Besides a general denial, the answer pleads contributory negligence on the part of the driver of plaintiff's automobile truck.

The evidence tends to prove that defendant was negligent, in that its street car was being operated at the time of the collision in violation of the city ordinances referred to, at the rate of thirty miles per hour, and that no gong was sounded. But the court directed a verdict for defendant as for the negligence of plaintiff's driver, and the question in the case for consideration relates to that matter.

The place of the collision was at the crossing of Nebraska avenue and Meramec street, in the city of St. Louis. Nebraska avenue is an ordinary street, running north and south, while Meramec street runs east and west. Meramec street is a public thoroughfare of average dimensions, with a sidewalk laid on either side of the street. In the center of Meramec street defendant maintains and operates two street car tracks. The track farthest south is occupied by eastbound cars,

while the track farthest north by those going west. There is space used as a driveway for wagons and teams and other vehicles between the sidewalk on the south and defendant's street car tracks, and a like space on the north side of defendant's tracks and south of the sidewalk along the north side of Meramec street. At the southwest corner of Meramec street and Nebraska avenue is situate a convent, which is inclosed by a heavy stone wall abutting against the sidewalks of Nebraska avenue and also on Meramec street. Within the stone wall around the convent grounds and outside along the sidewalk are trees and shrubbery, which tend to obstruct the view to the westward before going upon the street proper. On the southeast corner of Nebraska avenue and Meramec street a large brick building, occupied by a store, stands flush with the line of each street.

At the time of the collision involved here, plaintiff's driver was traveling north, on the east side of Nebraska avenue, seated on the forward end of a large automobile truck laden with eggs, when one of defendant's cars from the westward collided therewith. This car it is said, was running about thirty miles per hour at the time. The evidence for plaintiff tends to show that its driver was propelling the automobile truck at about twelve miles per hour until he approached near the south line of Meramec street, when the speed was reduced to about five or six miles per hour. The driver of the automobile truck says that immediately before reaching the south line of Meramec street, and while about thirty-five or forty-five feet south of defendant's car track, he looked to the west for an approaching street car and listened as well, but observed none though his vision was unobstructed for as much as one hundred feet. Observing no car from that direction, the driver approached the tracks at about five or six miles per hour, and looked to the eastward for a car approaching from that direction, whereupon he looked

again to the westward for a car, when the view was open for 125 feet to the west, but observed no car approaching. He says his view at this time, beyond the 125 feet to the westward, was obstructed by the heavy stone wall around the convent at the southeast corner of Meramec street and Nebraska avenue and the shrubbery and trees adjacent to the convent grounds, in the street. Thereupon the driver turned his attention to some children in the street, made observations to the eastward for cars from that direction, and moved steadily forward at five or six miles per hour upon the tracks. When the major portion of the automobile truck had crossed the southern track—that is, the one occupied by eastbound cars—one of defendant's cars from the west suddenly collided with the rear portion of the conveyance and inflicted the damage complained of here.

Plaintiff's witness, the driver of the automobile truck, says he was twenty-five or thirty feet south of defendant's eastbound track when he made his second, or last, observation for the approach of a car from the west and observed none within the range of his vision—then 125 feet—in that direction. After this, no further precautions were taken by him for the approach of a car from that direction, and he moved steadily forward. It appears that the ordinance in evidence inhibited the operation of street cars at the point in question at a speed to exceed fifteen miles per hour and the case concedes that defendant's car was being operated in violation of the provisions of the ordinance.

It is argued that the court erred in directing a verdict for defendant on the theory that plaintiff's driver was negligent upon approaching the track, for it is said he had a right to presume defendant's car would not be operated there at a speed exceeding that prescribed in the ordinance; furthermore, that had the car approached the crossing of Nebraska avenue at

fifteen miles per hour, the driver would have been able to clear the track before the collision occurred, for no car was within his view—that is, 125 feet—when he last looked to the westward, from a point twenty-five or thirty feet south of the track.

Under the former rule of decision which obtained in this jurisdiction, one injured at a railroad crossing was allowed to proceed and recover on the presumption that he relied upon the ordinance regulating the speed of the car, whether it appeared he knew of such ordinance or not, and his apparent omission of care was tolerated in a measure and remitted to the jury as a question of fact on that ground. However, even then, the theory was said to be a doubtful one and savored largely of fiction. [See Rissler v. St. Louis Transit Co., 113 Mo. App. 120, 124, 87 S. W. 578.] But, by more recent decisions, this theory is entirely exploded, unless it appears the party approaching the track knew of the ordinance and relied upon it, or, it may be, that he knew of the usual rate of speed at that point and relied upon it. An exception to this rule is said to obtain in those cases where the person approaching the track was killed or rendered incapable of speaking on the subject at all. Where, however, the witness survives and goes upon the stand, in order to utilize the benefit, he must disclose that he knew of the ordinance fixing the speed limit of the cars and relied upon it when approaching the track, in believing it would not be violated. In such circumstances, no presumption to that effect is indulged, for it devolves upon the witness to reveal the facts touching this matter in his evidence. [See Mockowik v. Kansas City, St. J. & C. B. R. Co., 196 Mo. 550, 571, 94 S. W. 256; Paul v. United Rys. Co., 152 Mo. App. 577, 134 S. W. 3; s. c. 160 Mo. App. 599, 140 S. W. 1196.]

Here, the driver of the automobile truck detailed the facts of the collision in evidence, but says nothing whatever concerning an ordinance, to the effect that he

knew of it or relied upon defendant operating its cars within the fifteen mile limit prescribed thereby. This being true, the case is to be viewed as one where a person knowingly approaches street car tracks, which are to be regarded by all persons *sui juris* as a signal of ever-present danger. In such cases, no one can doubt that the law enjoins the duty not only of listening for the approach of the car, but of looking at a point where the vision is open for a considerable distance, at least when considered with reference to the known likelihood of cars to approach at a high rate of speed. It appears from the evidence that plaintiff's driver, after reducing the speed of the automobile truck to five or six miles an hour, about forty or forty-five feet south of the tracks, could have stopped his conveyance in a very short distance. It is conceded, for the driver frankly states the fact to be, that he approached the track for a distance of twenty-five or thirty feet from the south of it, without making another observation for an approaching car from the westward, after he had looked in that direction and observed none within 125 feet. In such circumstances, it would seem to be entirely clear that due diligence for his own safety and that of the automobile truck required another observation to the westward before driving upon the tracks, where a car might be expected at any time, running at a high rate of speed.

It is said the duty to look and listen for danger will not be regarded as performed by one approaching street car tracks, as here, through merely attempting to look only from a point at which the view is obstructed. "The duty is a continuing one until the crossing is reached. If there is a point between the obstruction and the track which gives opportunity to see, it is the duty of the traveler to look. He cannot close his eyes and thereby relieve himself of the consequence of his own neglect." [Kelsay v. Mo. Pac. R. Co., 129 Mo. 362, 372, 30 S. W. 339. See, also, Magin-

nis v. Mo. Pac. R. Co., 182 Mo. App. 694, 165 S. W. 849.] Here, the case concedes that, after the traveler had passed all obstructions to the view, he omitted to look again for the safety of himself and the truck he was driving. But slight diligence on his part while covering the space from twenty-five to thirty feet south of the track at five or six miles per hour to the danger zone would have prevented the collision, and this appears to have been omitted. Moreover, from another statement in plaintiff's evidence, it appears that, after the south line of Meramec street was crossed, the view was unobstructed to the westward for several hundred feet—indeed, one of plaintiff's witnesses says to Compton avenue; some two or three blocks away. The driver was situate on the forward end of the automobile truck and the seat where he was stationed was open, with the view unobstructed therefrom. The situation resembles somewhat that revealed in McCreery v. United Rys. Co., 221 Mo. 18, 31, 32, 120 S. W. 24, wherein the driver of the automobile is said to have been guilty of negligence as a matter of law, and the ruling appears to be a proper one here.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.