R. M. KEENEY, Respondent, v. ROLLA WELLS, Receiver of UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals.   Opinion Filed January 8, 1924.

1. **STREET RAILROADS**: Automobiles: Crossing Collision: Negligence: Contributory Negligence: Evidence: Question for the Jury. Where the driver of an automobile on approaching a street intersection, before attempting to cross a street car track, stopped eighteen or twenty feet from the track and looked for traffic on that street, at which time he saw defendant's street car 200 or 250 feet away, and then without looking again, started to cross the track at a speed of five to seven miles per hour, *held* that whether plaintiff was guilty of negligence in failing to look again for the car before going upon the track was a question as to which the minds of reasonable men may well differ, and consequently was one for the jury.

2. ———: ———: ———: ———: **Vigilant Watch Ordinance**: Violation: Injuries: Evidence: Causal Connection: Instructions.   In an action for personal injuries alleged to have been sustained by plaintiff when an automobile driven by him was struck by a street car operated by defendant at a street intersection, the giving of an instruction for plaintiff submitting the assignment of negligence predicated upon a violation of the vigilant watch ordinance, was not error, as the proof adduced by plaintiff tended to show a violation of the ordinance and a causal connection between such violation thereof and plaintiff's injury.

3. ———: ———: ———: ———: **Instructions**: Speed Ordinances: Violation: Instruction Submitting Violation of Speed Ordinance: Not Error Under the Evidence.   Neither was there any error in submitting to the jury the question of defendant's negligence as for a violation of the speed ordinance as a predicate of liability, as the testimony in plaintiff's behalf sufficed to warrant a finding that defendant was operating its car at a speed in excess of that permitted by the ordinance, in violation of its provisions, and tends also to show a causal connection between such excessive speed and plaintiff's injury, since it may be inferred from the evidence that had the car been operated within the ordinance speed the casualty would not have occurred.

4 ———: ———: ———: ———: Speed Ordinances: Violation Negligence Per se. A violation of a speed ordinance of the city of St. Louis prohibiting the propelling of street cars at a great speed than fifteen miles per hour in certain parts of the city is negligence *per se.*

5. ———: ———: ———: ———: Contributory Negligence: Speed Ordinances: Violation: Plaintiff's Lack of Knowledge of Ordinance, etc.: Effect. In view of the fact that the violation of a speed ordinance by a street car company is negligence *per se*, if such ordinance be violated, the fact that the plaintiff did not know of the ordinance and did not rely thereon, does not make defendant's violation thereof any the less a negligent act, though the question of plaintiff's knowledge of the ordinance and his reliance thereon may become pertinent in considering the matter of his contributory negligence.

6. ———: ———: ———: ———: Instructions: Evidence: Street Car's Speed Misjudged by Automobile Driver: Submitting Violation of Speed Ordinance as Predicate of Liability: Not Precluded. Even though the inference is warranted from the evidence that an automobile driver misjudged the speed of a street car or that its speed was accelerated after he first saw it, yet where the testimony does not show that he had such knowledge of the speed of the car as to make his act in attempting to cross in front thereof, under the circumstances, so hazardous as to convict him of negligence as a matter of law, the fact that his testimony tends to show that he knew or had reason to believe that the car was being operated at a speed somewhat in excess of the ordinance rate, though not, apparently, at such rate as to make it unsafe for him to proceed to cross the tracks, should not operate to preclude him from submitting to the jury the question of defendant's violation of the ordinance as a predicate of liability.

Appeal from the Circuit Court of the City of St. Louis.— Hon. *Charles W. Rutledge,* Judge.

AFFIRMED.

*Charles W. Bates, T. E. Francis* and *Alva W. Hurt* for appellant.

(1) The court erred in refusing to give the jury the instruction in the nature of a demurrer to the evidence, requested by defendant, at the close of plaintiff's case and the whole case, for the reason that plaintiff was guilty of contributory negligence as a matter of law, barring a recovery by him upon the theories of primary negligence which was submitted as the sole predicate of liability, namely, violation of the Vigilant Watch and Fifteen Mile Speed Ordinances of the city of St. Louis. Plaintiff was guilty of contributory negligence as a matter of law, in that, after having seen the street car approaching at the rate of eighteen or twenty miles an hour, when he was standing eighteen feet from the north rail of the eastbound track, he drove across the intervening space, without again looking, and drove upon the track immediately in front of it. Bierman v. United Rys. Co., 244 S. W. 94; Bendick v. Wells, 253 S. W. 394; McConnell & Pilcher v. United Rys. Co., 238 S. W. 554; McCreery v. United Rys. Co., 221 Mo. 18; Kelsay v. Railway, 129 Mo. 362; Mockowik v. Railroad, 196 Mo. 550; Gubernick v. United Rys. Co., 217 S. W. 33; Tannehill v. Railroad, 213 S. W. 818; Peters v. Lusk, 200 Mo. App. 372; Voelker Products Co. v. United Rys. Co., 185 Mo. App. 310; Roenfeldt v. Suburban Ry., 180 Mo. 554; State ex rel. v. Reynolds, 233 S. W. 219; Huggart v. Railroad, 134 Mo. 673. (2) The court erred in giving the jury plaintiff's instruction No. 1, authorizing a recovery by plaintiff upon the theory that defendant violated the Vigilant Watch Ordinance of the City of St. Louis, for the reason that, as set out in Point 1, plaintiff was guilty of contributory negligence as a matter of law, barring a recovery upon this theory. See authorities cited under Point 1. (3) The court erred in giving the jury plaintiff's instruction No. 2, authorizing a recovery by plaintiff upon the theory that the car was operated at a speed in excess of fifteen miles per hour, in violation of the Speed Ordinance of the City of St. Louis, for the reason that, as set out in Point 1, plaintiff was guilty of contributory negligence as a matter of law, barring a recovery upon this theory. See authorities

214 M. A.—6

cited under Point 1. Plaintiff did not rely upon the presumption that the street car would not be run in excess of the maximum rate of speed permitted by ordinance. Products Co. v. United Rys. Co., 185 Mo. App. 310; Mockowik v. Railroad, 196 Mo. 550; Paul v. United Rys. Co., 152 Mo. App. 577; Green v. Railroad, 192 Mo. 131; Vandeventer v. Railroad, 177 S. W. 834. (4) The court erred in refusing to give the jury instruction "B" requested by defendant, withdrawing the assignment of negligence charging violation of the viligant watch, for the reason that plaintiff's contributory negligence, as stated in Point 1, barred a recovery under this theory. See authorities cited under Point 1. (5) The court erred in refusing to give the jury instruction "C," requested by defendant, withdrawing the assignment of negligence charging that the street car, at the time and place in question, was operated at a speed in excess of fifteen miles per hour, for the reasons: (a) Plaintiff's contributory negligence, as stated in Point 1, barred a recovery under this theory. See authorities cited under Point 1. (b) Plaintiff did not rely upon the operation of the street car at a speed of fifteen miles or less. Vandeventer v. Railroad, 177 S. W. 834; Green v. Railroad, 192 Mo. 131; Paul v. United Rys. Co., 152 Mo. App. 577; Mockowik v. Railroad, 196 Mo. 550.

*Wood & Teasdale* and *John C. Tobin* for respondent.

(1)  (a)  In considering whether or not plaintiff made a case for the jury and whether or not he was guilty of contributory negligence as a matter of law, plaintiff must be given the benefit of every reasonable inference and presumption deducible from the evidence adduced in his behalf, and that evidence is to be viewed in the light most favorable to plaintiff. Irwin v. United Rys. Co., 196 Mo. App. 666, 191 S. W. 1130; Scobey v. Allen Cooperage Co., 210 Mo. App. 301, 236 S. W. 686; Hollweg v. Bell Tel. Co., 195 Mo. 149, 93 S. W. 262; Forbes v. Dunnavant, 198 Mo. 193, 95 S. W. 934; Anderson v. White, 235 S. W.

834. (b) Where reasonable minds might differ as to whether or not plaintiff was negligent so as to bar his right of recovery, it is a matter to be submitted to the jury. Gratiot v. Railroad, 116 Mo. 450; Jackson v. Railroad, 171 Mo. App. 430; Maloney v. United Rys. Co., 183 Mo. App. 292; Weller v. Railroad, 120 Mo. 635; Campbell v. Railroad, 175 Mo. 161; Maness v. Railroad, 149 Mo. App. 259. (c) Where the injured person's attention is distracted from the car by other legitimate and natural subjects of attention, the question of his contributory negligence is for the jury. Woodward v. Railroad, 152 Mo. App. 468; Maloney v. United Rys. Co., 183 Mo. App. 292; Jackson v. Railroad, 171 Mo. App. 430; Jackson v. Railroad, 189 S. W. 381; Johnson v. Railroad, 77 Mo. 546; Yoakum v. Railroad, 199 S. W. 263; Underwood v. Railroad, 177 S. W. 724. (2) (a) The plaintiff was not negligent as a matter of law. Alexander v. Springfield Traction Co., 249 S. W. 971; Woodis v. United Railways, 199 Mo. App. 348, 203 S. W. 489; Irwin v. United Railways Co., 196 Mo. App. 666, 191 S. W. 1130; Murray v. Transit Co., 108 Mo. App. 501, 83 S. W. 995; Davis v. United Railways Co., 218 S. W. 357; Bruckman v. United Railways Co., 242 S. W. 686; Friedman v. United Railways Co., 254 S. W. 556; Shaffer v. Railroad, 254 S. W. 257; Clooney v. Wells, 252 S. W. 72; Kaemmerer v. Wells, 252 S. W. —; Springgate v. United Railways, 249 S. W. 122; Mason v. United Railways Co., 246 S. W. 318; Dickens v. Wells, 245 S. W. 563; McDonald v. United Railways, 245 S. W. 559; Hoodenpyle v. United Railways Co., 236 S. W. 913; Hawson v. Springfield Traction Co., 226 S. W. 1; Foy v. United Railways Co., 226 S. W. 325; Criss v. United Railways, 183 Mo. App. 392, 166 S. W. 834; Strauchon v. Met. St. Ry. Co., 232 Mo. 587, 135 S. W. 14; Heintz v. St. L. Transit Co., 115 Mo. App. 667, 92 S. W. 353; Moore v. St. L. Transit Co., 95 Mo. App. 728, 75 S. W. 699; Baker v. Railroad, 122 Mo. 533, 26 S. W. 20. (b) "Decisions involving collisions at crossings in the country cited by appellant have no application, for there the traveler approaching a crossing has reason to antici-

pate that a train is likely to approach at any speed and must therefore govern himself accordingly." "One crossing a street over street car tracks knows . . . that street cars are so constructed and equipped with appliances that they can be quickly stopped, and the rule of holding one guilty for crossing over a steam railroad crossing when he sees the train coming is not applicable to street cars, because he knows that one is so constructed that it can be quickly stopped and the other cannot be so controlled." O'Neill v. Street Railway, 239 S. W. 877; Alexander v. Springfield Traction Co., 249 S. W. 971; State ex rel. v. Reynolds, 214 S. W. 121. (c) The making of a mere error in judgment or the miscalculating of an element of danger or safety does not render one guilty of contributory negligence as a matter of law. Strauchon v. Met. St. Ry. Co., 232 Mo. 587, 135 S. W. 14; Irwin v. U. R. Co., 196 Mo. App. 666, 191 S. W. 1130; Friedman v. U. R. Co., 254 S. W. 556. (3) When a party has asked the judgment of the jury upon a given issue by instructions asked by him, he will not be afterward permitted to challenge the verdict on the ground that that issue should not have been submitted to them. Murphy v. Mack, 239 S. W. 595; Berkson v. K. C., etc., Ry., 144 Mo. 211, 45 S. W. 1119; Hudson v. Hall, 239 S. W. 152; Schinogle v. Baughman, 228 S. W. 897.

ALLEN, P. J.—This is an action for personal injuries alleged to have been sustained by plaintiff when an automobile driven by him was struck by a street car operated by the defendant in the city of St. Louis, charged to have been caused by defendant's negligence. The trial below, before the court and a jury, resulted in a verdict and judgment for plaintiff in the sum of $1200, and the defendant has appealed to this court.

The collision between defendant's street car and plaintiff's automobile occurred on April 19, 1921, on Easton avenue about a half block east of Belleglade avenue, public streets in said city. On Easton avenue the defendant maintains two street car tracks, the north track

being for the operation of westbound cars and the south track for the operation of eastbound cars. The evidence shows that plaintiff drove his automobile, a Ford, south on Belleglade avenue to Easton avenue, intending to cross defendant's tracks and turn to the east in order to drive east on the south side of Easton avenue. According to plaintiff's testimony, when he reached Easton avenue he brought his automobile to a stop and looked for traffic on that street, saw an eastbound car of defendant approaching from the west on defendant's south track on Easton avenue, the car being then, in his judgment, two hundred or two hundred and fifty feet away, and, thinking that he had ample time to cross in safety, proceeded toward the tracks, his automobile being in low speed. When his automobile was upon the eastbound track he heard the gong of the street car and then noticed that the car was not more than ten feet away from him. He thereupon "pulled down the gas," and tried to get across as quickly as possible, but the street car struck the rear edge of the right rear wheel of the automobile, turning it around and injuring him, though he was not thrown therefrom. He said that in "a fraction of a second" he would have been "in the clear." He testified that the speed of his automobile was from five to seven miles per hour; that when he first saw the street car it was proceeding at "possibly about fifteen to eighteen—maybe twenty miles an hour;" that he did not look again until he was on the eastbound track; and that when he then saw the car, about seven to ten feet from him, he was unable to judge of its speed. And he said that the car ran "about a length and a half of the car" after the collision.

On cross-examination plaintiff said that when he first saw the car his automobile was stopped with the front wheels extending into Eston avenue perhaps a foot or two beyond the curb line, at which time he observed the car, about two hundred to two hundred and fifty feet west, proceeding "possibly fifteen to eighteen miles an hour;" that the front end of his automobile was about eighteen or twenty feet north of the north rail of

the eastbound track, and he proceeded toward the track at the rate of "five to six—possibly seven miles per hour." And he said that at the rate of speed at which his automobile was proceeding he could have stopped it in four feet. He further stated that Easton avenue is about forty-five to fifty feet wide.

One Bloom, an eye witness to the casualty, testified that plaintiff stopped his automobile "in Belleglade, on the other side of the crossing, about between twenty and twenty-five feet from the west track;" that when plaintiff started his automobile from that position the eastbound street car was "something about one hundred or one hundred and twenty-five feet" west of plaintiff. In another part of his testimony he referred to the car as being "maybe about a hundred or a hundred and fifty feet" west of plaintiff. He could not say how fast the car was going nor what was the speed of plaintiff's automobile as it approached the track.

The testimony of one Glover, who had formerly been a motorman, tends to show that the street car, under the circumstances present, if proceeding at the rate of fifteen miles per hour, could have been stopped within thirty feet, and if proceeding at the rate of twenty miles an hour it could have been stopped in fifty feet.

It is unnecessary to refer to the testimony touching the character and extent of plaintiff's injuries, since no question is raised as to the amount of the verdict.

Plaintiff introduced in evidence the Vigilant Watch Ordinance of the city of St. Louis, providing that the motorman or other person in charge of each street car "shall keep a vigilant watch for all vehicles and persons on foot, especially children, either on the track or moving toward it," and that "on the first appearance of danger to such persons or vehicles the car shall be stopped in the shortest time and space possible."

And plaintiff also introduced a speed ordinance of the city of St. Louis prohibiting the propelling of street cars at a greater speed than fifteen miles per hour in that part of the city in which the casualty occurred.

The assignments of negligence in the petition are: (1) The failure of defendant's motorman to keep a vigilant watch for vehicles on the track or moving toward it, and his failure, upon the first appearance of danger to the automobile and to plaintiff, to stop the car in the shortest time and space possible; (2) the alleged negligent operation of the car at a rate of speed in excess of fifteen miles per hour; and (3) an assignment based upon the last chance or humanitarian doctrine.

The court, at the instance of the defendant, withdrew from the jury the third assignment of negligence predicated upon the last chance or humanitarian doctrine, but refused, upon defendant's request, to withdraw the other two assignments of negligence, submitting them to the jury by instructions offered by plaintiff, and refusing a peremptory instruction offered by defendant in the nature of a demurrer to the evidence.

## I.

The first assignment of error made by defendant, appellant here, is that the trial court erred in refusing to peremptorily direct a verdict for it on the ground that the evidence shows that plaintiff was guilty of negligence as a matter of law contributing to his own injuries, precluding a recovery on any assignment of primary negligence.

As shown above, it appears that upon entering Easton avenue plaintiff stopped his automobile and looked for traffic on that street, at which time he saw defendant's eastbound car. It cannot be disputed that up to this point plaintiff exercised ordinary care for his own safety. He did not, however, look again before going upon the tracks; and it is urged that his failure to look again was negligence, as a matter of law. A careful consideration of all the facts and circumstances in evidence, however, has led us to the conclusion that whether plaintiff was guilty of negligence in failing to look again for the car before going upon the track is a question as to which the minds of reasonable men may well differ, and consequently was one for the jury. Defendant has cited us to a list of cases

as supporting its position, which we have carefully considered.

In Bierman v. United Railways Company, 224 S. W. 94, wherein we held that plaintiff's negligence conclusively appeared, the plaintiff admitted that, after he came into a position where he could see the approaching car, he failed to look at all therefor until his horses were on the track. And likewise in Bendick v. Wells, 253 S. W. 394, in which we recently made a similar ruling, the plaintiff admitted that she failed to look for the street car until the automobile which she was driving had come upon the track. Obviously these cases, and others of similar import which might be cited, are here inapplicable.

In Gubernick v. Railroad, 217 S. W. 33, the plaintiff, driving a wagon, and approaching the defendant's street car tracks at a speed of about five miles per hour, looked and saw the approaching car when his horse's head was about thirty-three feet from the nearer rail of the track upon which the car was approaching, and did not look again until the wagon was on the track and the collision inevitable. The Supreme Court held that, in view of the fact that plaintiff "jogged along at the rate of five miles per hour over the thirty-three feet of clear space and never once looked again for the oncoming car," and "entered the danger zone without looking at all," his contributory negligence barred his recovery upon any assignment of primary negligence.

When the pertinent facts of the Gubernick case are compared with those here present we think that the decision therein is not authority for holding the plaintiff guilty of negligence as a conclusion of law in the instant case. In the Gubernick case the plaintiff, driving a horse at five miles per hour, looked at a point thirty-three feet from the track and continued to approach the track at that rate without looking again. In the case before us plaintiff, having stopped his automobile for that purpose, looked and saw this car when the front end of his automobile was but eighteen feet from the north rail of the eastbound track. Considering the "overhang" of

the street car, he was, indeed, less than eighteen feet—perhaps approximately sixteen feet—from the danger zone. He was driving an automobile, capable of rapid motion, and it appears that he at once started forward and proceeded toward the track at a speed which may be placed at seven miles per hour, viewing the evidence in the light most favorable to him. At that rate he would traverse more than ten feet per second, reaching the eastbound track in less than two seconds. While there is no testimony as to the width of the track or the length of defendant's automobile, it may be inferred that it would require but three or four seconds to cross beyond the danger zone. According to plaintiff's testimony, when he thus started forward defendant's car was from two hundred to two hundred and fifty feet from him, approaching at a speed which he estimated to be fifteen to eighteen, or possibly twenty, miles per hour. Whether a reasonably prudent person would, under such circumstances, have undertaken to cross as did plaintiff, was, we think, a question for the jury.

In McCreery v. Railways Co., 221 Mo. 18, 120 S. W. 24, where a recovery was denied the plaintiff on account of his contributory negligence, it appeared that the plaintiff, who was driving an automobile, looked from a point where he had but a limited view of defendant's track, and then heedlessly approached the track without taking any further precautions for his safety. The facts there in judgment differ essentially from those disclosed by this record.

Other authorities relied upon by defendant in this connection are: McConnell & Pilcher v. United Rys. Co., 238 S. W. 554; State ex rel. v. Reynolds, 233 S. W. 219; Tannehill v. Railroad, 213 S. W. 818; Mockowik v. Railroad, 196 Mo. 550, 94 S. W. 256; Roenfeldt v. Suburban Ry., 180 Mo. 554, 79 S. W. 706; Huggart v. Railroad, 134 Mo. 673, 36 S. W. 220; Kelsay v. Railroad, 129 Mo. 362, 30 S. W. 339; Peters v. Lusk, 200 Mo. App. 372, 206 S. W. 250; Voelker Products Co. v. United Rys. Co., 185 Mo. App. 310, 170 S. W. 332. It would serve no useful pur-

pose to discuss in detail the facts involved in each of these cases. It is sufficient to say that an examination of the opinions therein discloses that in each instance the court, in holding that the plaintiff was guilty of negligence as a conclusion of law, had before it facts differing materially in their legal aspect from those here present.

In the recent case of David Ross v. United Rys. Co., decided at this term and not as yet reported, wherein we denied a recovery on the ground of plaintiff's contributory negligence, the plaintiff, driving an automobile, looked when he was fifty-five feet from the track, and, though he approached the track very slowly, he did not look again before entering the danger zone. Obviously our ruling herein is not inconsistent with that in the Ross case.

That, under the facts here present, plaintiff should not be declared guilty of negligence as a matter of law, is, we think, well supported by many authorities in this state, of which we cite the following: Clooney v. Wells, — Mo. —, 252 S. W. 72; Kaemmerer v. Wells, — Mo. —, 252 S. W. 730; Mason v. United Rys. Co., — Mo. —, 246 S. W. 318; Friedman v. United Railways Co., — Mo. App.—254 S. W. 556; Alexander v. Springfield Traction Co., — Mo. App. —, 249 S. W. 971; McDonald v. United Railways Co., — Mo. App. —, 245 S. W. 559; Hoodenpyle v. United Railways Co., — Mo. App. —, 242 S. W. 686; Strauchon v. Met. St. Ry. Co., 232 Mo. 587, 135 S. W. 14.

## II.

The other assignments of error pertain to the giving and refusing of instructions. Defendant contends that the court erred in giving plaintiff's instruction No. 1, submitting the assignment of negligence predicated upon a violation of the Vigilant Watch Ordinance, supra. But the only point made as to the giving of this instruction is that plaintiff was guilty of contributory negligence as a conclusion of law, which we have disposed of above contrary to defendant's contention. And obviously the proof adduced by plaintiff tended to show a violation of this

ordinance and a causal connection between such violation thereof and plaintiff's injury. [See Friedman v. United Railways Company, supra.]

## III.

The giving of plaintiff's instruction No. 2, authorizing a recovery as for the violation of the speed ordinance mentioned above, is also assigned as error. It is argued that it was error to give this instruction, not only for the reason that plaintiff, it is said, was guilty of contributory negligence as a matter of law, which need not be further noticed, but for the further reason that, since it does not appear that plaintiff knew of such ordinance and relied upon the observance thereof, he is not entitled to predicate a recovery upon its violation.

But we do not think there was any error in submitting to the jury the question of defendant's negligence as for a violation of the speed ordinance, as a predicate of liability, under the facts and circumstances disclosed by the evidence. The testimony in plaintiff's behalf suffices to warrant a finding that defendant was operating its car at a speed in excess of that permitted by the ordinance, in violation of its provisions. And that the evidence tends also to show a casual connection between such excessive speed and plaintiff's injury appears from the fact that the car merely tipped the rear of plaintiff's automobile. As plaintiff said, a mere fraction of a second more would have placed him in safety. Obviously it can be inferred that had the car been operated within the ordinance speed, or had its speed been slackened but the slightest, the casualty would not have occurred. It is well settled that a violation of the ordinance is negligence *per se*. [Hale v. St. Joseph Ry. Co., 287 Mo. 499, 230 S. W. 113.] And this is true without regard to the question of plaintiff's knowledge of the ordinance and his reliance on its observance; for in considering merely the question of defendant's negligence *vel non* we are concerned alone with defendant's conduct in the premises. In other words, if the ordinance be violated by the defendant the

fact that the plaintiff did not know of the ordinance and did not rely thereon does not make defendant's violation thereof any the less a negligent act; though the question of plaintiff's knowledge of the ordinance and his reliance thereon may become pertinent in considering the matter of his contributory negligence. [See Swigart v. Lusk, 196 Mo. App. 471, 192 S. W. 138.]

It is true that in cases of this nature it has been quite logically held that, though there be a violation by defendant of an ordinance of this character, if the facts disclosed by the plaintiff's evidence show negligence on his part, as a matter of law, in going upon the track in front of the oncoming car, then he cannot excuse or relieve himself from such negligence by setting up that he had the right to presume that the car would be operated within the ordinance limit, if, when he can and does testify in his own behalf, he does not show that he knew the ordinance and relied upon its observance nor that he knew the usual speed of cars at that point and relied upon the operation of the car at such speed. Such are the cases here relied upon by defendant, viz.: Mockowik v. Railway Co., 196 Mo. 550, 94 S. W. 256; Voelker Products Co. v. United Railways Co., 185 Mo. App. 310, 170 S. W. 332; Paul v. Railroad, 152 Mo. App. 577, 134 S. W. 3. But these cases do not support defendant's contention that in no event may a plaintiff avail himself of a violation by the defendant of an ordinance of this character where, though testifying, plaintiff fails to show that he knew of the ordinance and relied upon it.

In the Mockowik case, supra, what was said by the learned author of the opinion touching this matter was said after holding that upon the disclosed facts plaintiff's negligence appeared as a matter of law and in disposing of the contention of plaintiff's counsel that the plaintiff was entitled to presume that the engine would not be operated at a speed in excess of the ordinance rate. And it was held that since the plaintiff, who was a witness, did not testify that he knew of the ordinance and relied upon its observance, he was not entitled to invoke the aid of

such presumption to relieve himself from the effects of his own negligence as shown by the actual facts in evidence.

The tenor of the opinion of this court, by NORTONI, J., in Voelker Products Co. v. United Railways Co., supra, in dealing with this question, is well reflected by the first paragraph of the syllabus thereof, which is as follows:

"Reliance upon the presumption that the street car would not be run in excess of the maximum rate of speed permitted by ordinance cannot be availed of to defeat contributory negligence on the part of a person struck or in charge of a vehicle struck by such car, unless such person, if he be alive and is called as a witness, testifies that he knew of the ordinance fixing the speed limit and relied upon its being observed, when approaching the track."

And in Paul v. Railroad, supra, the same view is expressed (l. c. 587) as follows:

"In no event could it be presumed in this case in excuse of plaintiff's contributory negligence that he relied on an observance of the speed ordinance since he did not testify he was familiar with the provisions of such ordinance and relied upon the same."

The matter under discussion was adverted to in Swigart v. Lusk, supra, wherein it is said by STURGIS, J.:

"The breach of . . . an ordinance or statutory regulation or requirement is negligence *per se* on the part of the one committing the breach and the knowledge of such custom or ordinance and reliance on same becomes important only when such custom or ordinance is invoked to excuse the conduct, otherwise negligent, of one seeking to recover for such negligence. This is true because negligence, contributory or otherwise, is determined from the viewpoint of the actor."

The case before us is one wherein, upon the facts actually disclosed, plaintiff's negligence as we think, does not appear as a matter of law. And plaintiff does not seek to avail himself of a presumption that the car was being operated within the ordinance limit. And since it

appears, prima facie, that defendant violated the ordinance and that such violation was a proximate cause of plaintiff's injury, we deem it clear that plaintiff was not precluded from submitting such ground of negligence to the jury because of the fact that he did not testify that he knew of the ordinance and relied on its observance.

Defendant further contends that it was error to give this instruction for the reason that plaintiff's testimony shows that he knew that the speed of the car was in excess of the ordinance rate when he started forward to cross the tracks. And in this connection defendant quotes from the opinion in Green v. Mo. Pac. R. Co., 192 Mo. 131, 90 S. W. 805, wherein, in connection with a ruling that the deceased was guilty of negligence barring a recovery, the court said: "If one sees or has reason to believe that the engine is running in violation of the speed ordinance, he has no right to risk his life on a presumption that the ordinance is being observed."

It cannot be doubted that if one knows that a car is being run at a speed in excess of the ordinance rate, his act in attempting to cross in front of it, if otherwise appearing to be a negligent one, cannot be justified on the ground that he was entitled to presume that the ordinance was being observed. But in the instant case no such presumption is invoked. Plaintiff's testimony as to the speed of the car is, of course, but his estimate thereof when he observed the car at a point, according to his testimony, two hundred or two hundred and fifty feet from him. If the car was in fact then approximately two hundred feet from plaintiff, and if his estimate of the speed of his automobile is approximately correct, then the car could not have reached the point of collision in the brief interval necessary for plaintiff to safely cross the tracks unless proceeding at a very high rate of speed. And when all of the testimony is reckoned with, it is not an unwarranted inference that plaintiff misjudged the speed of the car or that its speed was accelerated after he first saw it. Plaintiff's testimony does not, in our opinion, show that he had such knowledge of the speed of the car

as to make his act in attempting to cross in front thereof, under the circumstances, so hazardous as to convict him of negligence as a matter of law. Nor do we think that the fact that plaintiff's testimony tends to show that he knew or had reason to believe that the car was being operated at a speed somewhat in excess of the ordinance rate, though not, apparently, at such rate as to make it unsafe for him to proceed to cross the tracks, should operate to preclude him from submitting to the jury the question of defendant's violation of the ordinance as a predicate of liability.

The other assignments of error, relating to the refusal of instructions offered by defendant, are fully disposed of by what we have said above.

It follows that the judgment should be affirmed, and it is so ordered. *Becker* and *Daues, JJ.,* concur.